THE STATE OF NEBRASKA,. EX REL. THE ATTORNEY
GENERAL, v. THE FARMERS AND MECHANICS MU-
TUAL BENEVOLENT ASSOCIATION OF LINCOLN, NE-
BRASKA, J. C. McBRIDE, J. GILLESPIE, H. V.
HOAGLAND, JOHN CURRIE, GEO. W. FLETCHER,.
AND J. B. TOMLIN.

1.  **Insurance:** CONTRACT DEFINED. A contract by which one
    party for a consideration promises to make a certain payment of
    money upon the destruction or injury of something in which the
    other party has an interest, is a contract of insurance, whatever
    may be the terms of payment of the consideration by the as-
    sured, or the mode of estimating or securing payment of the
    sum to be paid by the insurer in the event of loss.

2.  ———: CASE STATED. Upon the facts appearing in the record,
    *Held,* That defendant was a mutual insurance company, and as
    such must comply with the provisions of the act of June 1st,
    1873, and receive the certificate of the auditor of the state be-
    fore transacting business.

QUO WARRANTO.

*William Leese, Attorney General,* and *N. K. Griggs,* for
relator.

*Harwood, Ames & Kelly,* for respondent.

REESE, J.

This is an original proceeding, instituted for the pur-
pose of ousting defendants from transacting the business
of life insurance.

The information alleges in substance that defendant as-
sociation is now and has been for some time transacting
the business of life insurance within the state, and issuing
policies or certificates of insurance upon the lives of per-
sons within the state. That it has not complied with the

laws of the state relating to the transaction of the business of life insurance, and has not at any time obtained a certificate from the auditor of the state permitting it to transact such business, and that it has no authority of law to engage therein. That defendants McBride, Gillespie, Hoagland, Currie, Fletcher, and Tomlin are the officers of said association, and as such are soliciting risks and effecting contracts of insurance in its behalf. Exhibits are attached showing the form of "application for membership," "certificate of membership," "security note," "receipt for membership fee," circulars, etc., in use by defendants for the purpose of effecting the issuance of indemnity or insurance upon the lives of persons.

The answer consists alone of the denial "that the defendant, the Farmers and Mechanics Mutual Benevolent Association, has not complied with the laws of the state of Nebraska relating to the transaction of the business of life insurance within said state."

Upon the argument it was conceded by defendants that no certificate or permission of the auditor had been issued to them as is required by law to be issued to insurance companies, but it was contended that no such certificate was necessary. That defendant association is not an insurance company in contemplation of law, and therefore is not within the restrictions and prohibitions of the act of 1873 (chapters 16 and 43, Compiled Statutes, 1885).

The certificate of membership, omitting the name of the assured, is as follows:

"Farmers and Mechanics Mutual Benevolent Association, incorporated under laws of Nebraska, October 13th, 1884, Lincoln, Nebraska. This certificate of membership witnesseth and declares:

"That in consideration of the representations and agreements made in the application for this certificate of membership, and bearing even date herewith, which is made a part of this contract, the payment of an admission fee of

not exceeding ten dollars, the payment of one dollar and seventy-five cents on or before the 16th day of May, 1885, and the same amount semi-annually thereafter, and the payment on or before maturity of such benefit assessments as may be legally levied by the board of directors, the Farmers and Mechanics Mutual Benevolent Association issues this certificate of membership, and constitutes ........., of ........., county of ........., state of Nebraska, a member of said association with all the rights and privileges thereof, subject to the following conditions and agreements and the provisions of the by-laws of said association.

### "DEATH BENEFIT.

"Upon the receipt at the office of the association in Lincoln, Nebraska, of satisfactory proofs of the death of said member, he having conformed to all the conditions of membership, this association will pay to ........., or the legal heirs of said member, the net proceeds of one full assessment at schedule rates upon all contributing members at date of such assessment, and which is received at the Lincoln office within thirty days from the date of the notice thereof to an amount not exceeding five thousand dollars, to be paid within thirty days thereafter at the office of the association at Lincoln, Nebraska.

### "PERSONAL BENEFIT.

"And this association further agrees that whenever this certificate shall have been maintained in full force by the prompt payment by the said member on or before maturity of all dues and assessments for the period of ten full consecutive years, this certificate may then mature, in which case this association will then pay to the said member personally, the net proceeds of a half assessment at schedule rates upon all contributing members at that date, and which is received at the Lincoln office within thirty days from date of the notice of assessment thereof, not exceed-

ing two thousand dollars; *Provided,* That upon payment of said amount this certificate shall be canceled and surrendered to this association; and *Provided further,* If the said member shall allow his certificate to lapse from any cause whatever, that the time of estimating when said ten years shall commence to run shall date from the date of his restoration to membership, and not from the original date of certificate; *Provided,* The member shall not be assessed for this benefit, nor be entitled to the same, unless he has specially made application for this benefit when applying for membership.

### "ACCIDENT BENEFIT—CLASS THREE.

"It is further stipulated, that in case the member above has been in good standing in this association for a period of six full consecutive months and becomes disabled by accident not contracted in an immoral way, so as to be unable to perform any ordinary business or duties of life, he shall be entitled to receive ten dollars per week while so disabled, provided that no sickness of less than one week shall be considered, and fractions of a week shall not be counted; and to pay this accident benefit and incidental expenses not otherwise provided for, a full assessment shall be made from time to time, as necessity may require, but no one person shall receive an accident benefit for a greater time than ten weeks at any one time for any one accident, nor shall they be paid exceeding the net proceeds of one full assessment.

"The special conditions on the back of this certificate are made a part hereof and binding on both parties.

"This certificate is for a personal benefit and is for an accident benefit and is———subject to assessments for personal and accident benefits as provided herein, and in the By-Laws of the association.

"In witness whereof the said Farmers and Mechanics Mutual Benevolent Association has caused this certifi-

cate of membership. to be signed by the president and countersigned and sealed by the secretary, at the office of the association in Lincoln, Lancaster county, Nebraska, this 16th day of March, 1885.

, . . . . . . . . . . . . . . . . .

"................                                    President.

"Secretary."

The special conditions referred to as on the back of the certificate are too lengthy to be copied here, but it may be stated briefly: That the mailing of a printed or written notice to a member shall be considered a legal notice. The association reserves the right to make special assessments for the purpose of paying accident benefits and to pay for the expenses of the association not otherwise provided for. The name of the beneficiary may be changed upon written request of the member, the surrender of the certificate, and the payment of two dollars and fifty cents, and the issuance of a new certificate. Notice of the death or disability of the member shall be sent to the office of the association within ten days from the time of death or disability. If the certificate becomes void from any cause, all payments made thereon are forfeited to the association. Accident benefits may be waived upon application to the secretary. When a member fails to pay his dues or assessments his security note becomes due and payable. The member forfeits all rights in the association, by failure to pay assessments within thirty days from their date, the failure to pay semi-annual dues within thirty days after they become due, the immoderate use of alcoholic liquors, or the concealment or misrepresentation of any material facts as to health when applying for membership, the perpetration or attempt to perpetrate any fraud on the association by the member, his beneficiary or any one having an interest in the certificate, and the graduated schedule of rates, in blank, depending upon the age of the members.

That this is a contract of insurance, cannot, we think,

in the light of the almost, if not quite, uniform holdings of courts and opinions of text writers, be doubted.

In *Commonwealth v. Wetherbee,* 105 Mass., 149, it is held that "a contract by which one party for a consideration promises to make a certain payment of money upon the destruction or injury of something in which the other party has an interest is a contract of insurance, whatever may be the terms of payment of the consideration by the assured, or the mode of estimating or securing payment of the sum to be paid by the insurer in the event of loss; and although the object of the insurer in making the contract is benevolent and not speculative." The contract does not differ in any essential feature of form or substance from a contract of insurance. The subject insured is the life or health of the member. The assured pays a certain sum, ten dollars, at the inception of the contract, which is fixed by the insurer (association), a promise to pay assessments punctually, when called for, is made by the assured, together with stipulated semi-annual dues which are fixed by the directors. Upon the condition of these payments being promptly made the insurance is made to depend. At the death of the member (assured), upon proof of the fact within ten days thereafter, the beneficiary is to receive a sum of money not exceeding five thousand dollars. This is none the less an insurance because the amount to be paid is not a gross sum, but graduated by the number of " contributing members " at the date of the assessment therefor; nor because the contract provides no legal method of enforcing payment of the assessment necessary to provide for the payment of the " death benefit," but merely declares the contract of membership at an end and all payments made thereon forfeited to the company.

The courts have with a great degree of unanimity treated all such organizations as substantially life insurance companies, applying to them and to the mutual relations of the members the rules and principles applicable to the contract

of life insurance. May on Insurance, § 550. See also, *Bolton v. Bolton*, 73 Me., 299. *State v. Standard Life Association*, 38 Ohio State, 281. *State v. Miller et al.*, 23 N. W. Rep., 241. *State v. Bankers, etc., Association*, 23 Kas., 499. *Arthur v. Odd Fellows Association*, 29 Ohio State, 557. *Illinois Masons Benevolent Society v. Winthrop*, 85 Ills., 537. *Same v. Baldwin*, 86 Id., 479. *Shunk v. Gegenseitiger, Wittman & Co.*, 44 Wis., 369. *State v. Live Stock Association*, 16 Neb., 552.

It is virtually conceded by defendant in its brief and argument that the rules governing life insurance companies must be applied to defendant, but a vigorous attack is made upon the law of this state upon the subject of insurance, and it is claimed that the act above referred to is intended to crush out organizations like defendant, in the interest of what are usually termed the "old line" companies. It is nowhere suggested that the act is unconstitutional, nor that it was not legally passed by the legislature. Such being the case, we cannot inquire into the propriety of the action of the legislature, but must accept and enforce the law as we find it.

Since defendants have not complied with the provisions of section 6 of chapter 16, and sections 7 and 8 of chapter 43 of the Compiled Statutes, (being an insurance company against accident) they have no authority to transact the business in which they are engaged, and judgment must be entered in accordance with the prayer of the petition.

JUDGMENT ACCORDINGLY.

THE other judges concur.