SWENSON v. CHRISTOFERSON *et al.* *In re* SMELKER, Sheriff.

1. A claim of exemptions made by a judgment debtor by delivering a verified schedule of his property to the officer, who admits service thereon by copy, and returns the original to the debtor, retaining the copy, is a substantial compliance with Comp. Laws, Sec. 5130, requiring the debtor to deliver the schedule to the officer.

2. In a proceeding to amerce a sheriff, under Comp. Laws, Sec. 5167, providing that a sheriff who fails to return an execution on or before the return day shall be amerced in the amount of the debt, damages, and costs, with 10 per cent. thereon, etc., it is a complete defense to show that the judgment debtor had no property liable to execution during the life of the writ, and hence that the failure to return the same did not injure the judgment creditor.

(Opinion filed Oct. 5, 1897.)

Appeal from circuit court, Minnehaha county. Hon. J. W. JONES, Judge.

Motion by C. S. Swenson to amerce T. W. Smelker, as sheriff of Lincoln county, for failure to sell personal property under an execution against C. Christoferson and another, and for nonreturn of the execution within the time required by law. From an order denying the motion, said Swenson appeals. Affirmed.

The facts are stated in the opinion.

C. A. Christopherson, for appellant.

The delivery to the officer of a paper purporting to be a copy of a schedule, is not a compliance with the statute providing for exemptions. Comp. Laws, § 5130; McNaught v. Railroad, 30 Ia. 336; Campbell v. Railroad, 35 Id. 334; Cole v. Railroad, 38 Id. 311. By holding the writ of execution beyond the return day, respondent became liable to amercement for the debt, damages and costs, with ten per cent thereon. Comp. Laws, § 5167; Graham v. Newton, 12 Oh. 210; Backman v. Fenstermacher, 112 Pa. St. 335, 4 Atl. 546; Breuer v. Elder, 22 N. W. 622; Welv v. Armstrong, 5 Humph. 379; Fowler v. McDaniel, 6 Heisk, 529; Cox v. Ross, 56 Miss. 481; Murfree on Sheriffs, §§ 870, 871; Freeman on Executions (2d. Ed.) 368.

O. S. Gifford, for respondent.

The schedule was properly delivered to the officer, § 5130, Comp· Laws. Constitutional and statutory provisions for exemptions should be liberally construed. 7 Am. & Eng. Encyc. of Law, 130; Gregory v. Latchem, 53 Ind. 449; Andrews v. Melton, 51 Ala. 400.

HANEY, J. This proceeding was instituted for the purpose of amercing the sheriff for failing to sell personal property under an execution, and failing to return an execution within the time required by law. On July 24, 1895, an execution on a judgment duly entered and docketed in Minnehaha county, and also docketed in Lincoln county, was issued to the

sheriff of the latter county, who levied upon certain personal property belonging to the judgment debtor in such county. Within the time prescribed by the statute, the debtor made a schedule of all his personal property, subscribed and sworn to by himself, and delivered the same to the sheriff, whereon the latter made the following indorsement, returning the schedule to the debtor, and retaining a copy thereof: "Due and personal service by copy admitted, this 26th day of July, 1895. [Signed] T. W. Smelker, sheriff in and for Lincoln county, South Dakota." The attorney of the judgment creditor was immediately notified of the debtor's claim of exemptions, and an indemnifying bond was demanded by the sheriff. None was given, and the sheriff was directed by such attorney to proceed and sell the property notwithstanding such claim, on the ground that the claim of exemptions was ineffectual, for the reason that a copy of and not the original schedule had been given to the sheriff. On or about January 8, 1896, and before this proceeding was instituted, the execution was returned to the clerk of the court in Minnehaha county, wholly unsatisfied. The judgment debtor did not possess any personal property not included in such schedule, nor any real property liable to execution, when the execution was issued, nor has he since that time had any property beyond the amount of his exemptions. The circuit court refused to amerce the sheriff and the judgment creditor appealed.

We think there was a substantial, if not strict compliance with the statute in making the claim for exemptions. (Comp. Laws § 5130); and the only question requiring attention is whether the sheriff should be amerced for failing to return the execution within the time required by law. "If any sheriff or other officer shall refuse or neglect to execute any writ of execution to him directed, which has come into his hands, or to sell any personal or real property, or to return any writ of execution to the proper court on or before the return day, * * * * such sheriff or other officer shall, on motion in court and two

days' notice thereof in writing, be amerced in the amount of said debt, damages and costs, with ten per cent thereon to and for the use of the plaintiff." Comp. Laws, § 5167. The supreme court of Nebraska, in construing a statute containing the same provisions, uses the following language: ·"The only new liability sought to be created by the above statute is the penalty of ten per cent. Without the statute, the sheriff would be equally liable for all but the penalty. With it, he is only liable for actual damages, possibly with the penalty added. The statute gives a short, cheap and expeditious remedy, but it only lies where an action in the nature of trespass on the case would lie." And the court concludes that, where the judgment debtor had no property liable to execution during the life of the writ, the plaintiff could not be damaged by the sheriff's failure to return the writ in time. Crooker v. Melick, 18 Neb. 277, 24 N. W. 689. Such is the case at bar. The debtor properly claimed his exemptions. There was no property out of which the sheriff could collect the plaintiff's claim, and the sheriff should not have been amerced. The order appealed from is affirmed.