(29 Misc. Rep. 296.)

## PHILLIPS v. UNITED STATES GRAND LODGE OF INDEPENDENT ORDER SONS OF BENJAMIN.

(Supreme Court, Appellate Term. November, 1902.)

1. BENEVOLENT SOCIETY—DEFAULT OF MEMBER.

Where it was provided by the constitution of a benevolent order that on the death of a member indebted to his lodge in a sum equal to six months' dues and assessments, or either, his widow could not recover any death benefit, it was immaterial whether the lodge had complied with a further clause of the constitution providing for the suspension of such a member, and striking his name from the rolls, or not.

Appeal from city court of New York, general term.

Action by Hannah Phillips against the United States Grand Lodge of the Independent Order Sons of Benjamin. From a reversal by the general term of a judgment for defendant (76 N. Y. Supp. 1000), it appeals. Order of general term reversed, and judgment on the verdict affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and GIL-DERSLEEVE, JJ.

Mitchel Levy, for appellant.

A. B. Jaworower, for respondent.

MacLEAN, J. A relict seeking to recover from a fraternal benevolent association an endowment or death benefit upon the demise of her late husband, some time a member of the defendant, alleges that the deceased, during his lifetime and membership, duly performed all the conditions required on his part to be performed. These allegations are denied in the answer, wherein also are pleaded, as a separate and distinct defense, that it was provided by the association's constitution, whereunder only the endowment can be claimed, that in the event of a member being indebted to his lodge at his death in a sum equal to six months' dues and assessments, or either, his widow shall not be entitled to any endowment, and that the decedent was so indebted; further, that when a member is indebted to his lodge in a sum equal to six months' dues or assessments, or either, he shall be stricken from the roll, with certain requirements of notice, and forfeit all benefits and endowments, and that the deceased was so stricken from the roll; and, furthermore, that all claimants must attend before a committee, upon request, give full proof of the correctness of their claims, and prosecute the same according to regulations of the association; and that this and these things the plaintiff had failed to do and respect. Evidence was given for the defendant in support of each of its affirmative defenses. No evidence was offered by the plaintiff to sustain her allegations of performance. The issue was submitted to the jury by the learned justice who charged:

"The simple question in this case for you to determine is, did the defendant in this action send the notice required by its constitution. If it did, then your verdict must be for the defendant. If not, your verdict must be for the plaintiff."

The jury found for the defendant. The judgment entered upon the verdict has been reversed by the general term, holding that the only question to be determined is, was the deceased properly notified before his suspension and that therein the defendant has wholly failed.

However faulty was the proof that the deceased had been suspended with due formality, and his name stricken from the roll upon proper notice, it was proven without contradiction that the decedent at the time of his death was indebted to his lodge for two quarters, in a sum equal to six months' dues and assessments. This fact may not have escaped the consideration of the jury, whose finding may have been based upon it, and from whose consideration it could not be withdrawn in the manner of the charge. This fact, although it does not appear to have been called to the attention of the court at trial term, or to have been urged before the general term, is now pressed here; and so, remaining a hindrance to the plaintiff's recovery, the order of the general term should be reversed, and the judgment entered upon the verdict should stand.

The order of the general term is reversed, and the judgment of the trial term affirmed, with costs to the appellant.

FREEDMAN, P. J. I concur with Mr. Justice MacLEAN in the reversal of the order of the general term of the city court, and for the affirmance of the judgment entered upon the verdict of the jury in the trial term of the city court, for the following reasons: The husband of the plaintiff herein, having been at the time of his death indebted to his lodge for two quarters, in a sum equal to six months' dues and assessments, was barred, under section 12 of article 1 of part 3 of the constitution, from claiming the endowment or benefit sued for. That section applies to the grand lodge, the defendant in this action, and it is not inconsistent with section 1 of article 9 of part 4 of the constitution, which applies to subordinate lodges. Irrespective, therefore, of the question of suspension upon proper notice, which might arise if the latter section was applicable, the defendant, under the section first referred to, was entitled to the direction of a verdict as moved for, and consequently the reversal of the judgment based upon the verdict of the jury was erroneous. The order of the general term must be reversed, and the judgment entered upon the verdict of the jury affirmed, with costs.

Order reversed, and judgment entered upon verdict affirmed, with costs.

GILDERSLEEVE, J., concurs in result.