1490.  NATIONAL COUNCIL OF THE JUNIOR ORDER OF
UNITED AMERICAN MECHANICS *et al. v.* CARAWAY.

The trial judge, sitting as trior of both law and facts, was authorized to find, under the agreed statement of facts, that the defendant beneficial association had waived the forfeiture which would have resulted from the non-payment of arrearages of dues; or he was authorized to find that there were no arrearages of dues which would defeat the plaintiff's right to funeral benefits. The judgment was authorized upon either ground, especially by reason of the fact that at the time the member of the organization in question died, his dues had been paid and receipted for in full to a date subsequent to his death, and the association which had accepted these dues retained them without any offer to return them.

Complaint; from city court of Atlanta—Judge Reid.  October 10, 1908.

*Walter McElreath,* for plaintiffs in error.  *Edgar Latham,* contra.

RUSSELL, J.  This suit was brought to recover a funeral benefit upon the death of the plaintiff's son, Rodger Caraway, who was a member of West End Council, No. 13, Junior Order of American Mechanics. The fraternal order refused to pay the funeral benefit, upon the ground that Rodger Caraway, under the provisions of its constitution and by-laws, and the rules and regulations of the national council, binding on subordinate councils, was not entitled thereto at the time of his death, for the reason that "no member who is thirteen weeks or over in arrears for dues at the time he becomes sick or disabled can place himself in good standing or become entitled to benefits during such sickness or disability by paying such arrearages in part or in full during the continuance of such sickness or disability;" and in the defendant's answer it is averred that when Rodger Caraway contracted the disease of which he died, he was 64 weeks in arrears in the payment of his dues to the council. By agreement of the parties the case was submitted to the trial judge for determination, both upon the law and the facts, without the intervention of a jury. It was agreed that the pleadings of the parties should be considered as true by the court, except where conclusions are averred and where they may conflict with the laws or the agreed statement of facts; and the following facts were agreed upon: Rodger Caraway was never suspended from the order. All his dues were paid to July 1, 1908, as shown by a receipt exhibited. On June 23, 1908, there

was sent to him a notice, signed by the financial secretary of West End Council, No. 13, Junior Order of United American Mechanics, which gave a statement of his standing with the council for the quarter ending June 30, 1908, showing a balance due by him of $9.80 to July 1, 1908, followed by the request: "Please attend to this by Friday, June 26, and save being suspended." The notice contained also a copy of an amendment to the "State law" of the order, as follows: "A member is not in good standing if at the first meeting in any quarter he owes any dues for the previous quarter, and is not entitled to the password for the quarter until he has paid all dues for the previous quarter, nor will he be entitled to sick benefits until all dues for the previous quarter have been paid, and otherwise qualified as provided by law." It was admitted, in the agreed statement of facts, that Rodger Caraway paid all dues which would have put him in good standing and entitled him to the benefit sued for had it not been for the fact that he was ill when the dues were paid. He died on June 30, 1908, as a result of sickness which began on June 4, 1908, and continued from that time until his death. The sum of $9.80, representing his arrears of dues for 64 weeks, was paid on June 23, 1908, paying his dues from the date when he became in arrears to July 1, 1908, at the rate of 15 cents per week, the regular weekly dues in West End Council. This sum covered also all dues which West End Council was required to pay to the National Council on account of funeral benefit. West End Council pays directly to the National Council a certain sum on its members, the members paying the West End Council 15 cents per week. During the time Rodger Caraway was a member of West End Council, and at the time of his death, the following by-law was of force: "The financial secretary shall at the end of each quarter forward to each member a statement of his account. Also furnish to the council the names of such members as are thirteen weeks or over in arrears, and the council shall direct the recording secretary to notify said members that unless their arrearages, or an amount thereof sufficient to reduce their arrearages to less than thirteen weeks dues, is paid by the fourth meeting thereafter, they will be liable to suspension. If such notice is not complied with, the councilor shall, unless otherwise ordered by the council, in open council, declare such members suspended for the non-payment of dues." It was agreed

that the amount claimed by the plaintiff was correct, if the defendant was liable at all.

Upon the pleadings—the statements in which (when not mere conclusions) it was agreed should be taken to be true—and upon the agreed statement of facts, the trial judge rendered judgment in favor of the plaintiff; and exception was taken to that judgment.

Under the agreed statement of facts the only question presented by the record is whether Caraway had forfeited his right to a funeral benefit by failure to comply with the provisions of the by-laws and requirements of the beneficial association of which he was a member, or whether the beneficial association, by waiver of Caraway's compliance with its requirements, is estopped to assert a forfeiture. The question as to whether there has been a for-feiture, as well as whether the circumstances presented in a par-ticular case are sufficient to estop the assertion of the forfeiture, is ordinarily one of fact. 29 Cyc. 249 *b*. And though not infre-quently a mixed question of law and fact is presented, yet where, as in the present case, the facts are undisputed, the issue is resolved into a question of law.

The distinction between the rules of law applicable to the business of commercial insurance and those which relate to the protection or benefits provided by fraternal and beneficial associations is, of course, well recognized in this State. Acts 1900, p. 71. And yet, even since the passage of the act of 1900, so far as the matter of forfeiture, or waiver to insist upon conditions from which forfeiture might have resulted, is concerned, the only material difference between insurance by ordinary insurance companies and the benefits contracted to be paid by mutual beneficial associations is that in the case of corporations engaged in the business of insurance for profit the contract is to be strictly construed against the insurer, and in the case of mutual beneficial associations greater liberality of construction in favor of the association is to be indulged.

It is to be noted, from the statement of facts in this case, that although the assured was more than thirteen weeks in arrears in the payment of his weekly dues, he was notified by the duly authorized secretary of West End Council of the condition of his account, and asked to pay his arrears of dues, in order to prevent his being suspended. In this respect the case at bar is similar to

that of *Farmers Mutual Life Protective Association* v. *Elliott*, 4 *Ga. App.* 342 (61 S. E. 493). It is further to be noted that it was the duty of the "councilor," unless otherwise ordered by the council in open council, to have taken affirmative action in suspending Caraway, prior to the time when the financial secretary sent the notice which appears in the agreed statement of facts. It can not be denied, therefore, that the National Council of the Junior Order of United American Mechanics waived Caraway's compliance with the requirement to pay his dues promptly, and elected not to insist upon the forfeiture of his contract for benefits, if the financial secretary of West End Council was such an officer as that knowledge was imputed to the National Council, and as that the National Council would be bound by his act. Since the inference that the dues payable by Caraway toward the funeral-benefits fund of the National Council had been regularly paid by West End Council, regardless of Caraway's condition and his default, is authorized from the fact that West End Council, whose duty it was to have suspended Caraway, had not done so, it must be assumed that the secretary was the agent of the National Council, authorized to act in its behalf. As a matter of fact, it has been held in several jurisdictions that officers of subordinate lodges of national fraternal beneficial associations are, by reason of their relationship, agents of the governing body, except where, by by-law, express provision is made to the contrary. 29 Cyc. 189 *b;* Alexander v. Grand Lodge A. O. U. W., 119 Iowa, 519 (93 N. W. 508); Grand Lodge A. O. U. W. v. Lachmann, 199 Ill. 140 (64 N. E. 1022); Brotherhood of Painters &c. v. Moore, 36 Ind. App. 580 (76 N. E. 262). The rule seems to be that "inferior lodges and their officers are generally held to be the agents of the society, and hence they may, by acts or omissions founding an estoppel or waiver, preclude the society from relying on grounds of avoidance or forfeiture."

In the present case it is insisted that the right to funeral benefits is expressly precluded by by-law. Granting, for argument's sake, that the right of the plaintiff to funeral benefits on account of the membership of his son Rodger Caraway in the defendant association depends in part upon the construction to be given the by-law of the National Council which provides that no member who is in arrears for his dues for thirteen weeks at the time of his death,

or at the time he becomes sick or disabled, shall be entitled to sick benefits, etc., still we could not hold that the trial judge erred in declining to adjudge that Caraway was not entitled to a funeral benefit, even if the portion of the by-laws just quoted were enforced strictly in favor of the National Council; for the case is not one in which recovery of sick benefits is sought. The by-law quoted, and relied upon by learned counsel for plaintiff in error, does not refer to the subject of *funeral benefits*. It is confined to a provision which deprives the member of *sick benefits*. This exact point is ruled in Mullen *v.* Order of Foresters, 70 N. H. 327, 329 (47 Atl. 257), in which it was held that though the plaintiff could not recover a sick benefit, his failure to comply with the requirement which deprived him of sick benefits would not affect his right to recover a funeral benefit. Certainly, in the construction of the contracts of fraternal beneficial associations (even construing them most liberally), conditions adverse to the beneficiaries, not expressed in the contract, should not be implied. And since the by-law relied upon in the present case does not declare that the beneficiary of a member who is in arrears at the time of his death, or when he becomes sick, shall forfeit the funeral benefit provided by the certificate, the question as to whether the plaintiff in the present case is entitled to a funeral benefit may be answered by the application of the general principles applicable to forfeiture and the waiver of forfeiture, without the aid of by-laws. This view is confirmed by the concluding provision of the by-law from which we have quoted, in which it is stated that no member "who is thirteen weeks or over in arrears for dues at the time he becomes sick or disabled can place himself in good standing or become entitled to benefits *during such sickness or disability* by paying up such arrearages . . during the continuance of such sickness," etc. But without regard to this, the subordinate council must be presumed to have been authorized to act in behalf of the National Council in electing to waive a forfeiture of the provisions of the contract as to funeral benefits, from the fact that the by-laws of the subordinate council of which the deceased was a member is the only regulation of the defendant association in which there is any express declaration to the effect that arrearages of dues will deprive the member of funeral benefits.

We agree with the contention of the defendant in error that the

receipt of the dues of Rodger Caraway on June 18, 1908, by West End Council (the sum of money received by the council being sufficient to pay all his dues up to and including the time of his death) is a waiver on the part of West End Council of the by-law depriving the defendant in error of funeral benefits. The councilor, upon whom devolved the duty of suspending members in arrears, and the financial secretary of West End Council, who undoubtedly had authority to act for it, instead of suspending Rodger Caraway, expressly requested him, after his sickness had begun, to pay the arrears of dues, so as to avoid being suspended. He accepted the payment, as he was authorized to do, and gave the customary receipt, and at the time of Rodger Caraway's death the money thus collected had not been returned or tendered.

We do not lose sight of the fact that there are two classes of beneficial orders,—one in which the idea of insurance predominates, with some form of ritual, either actual or pretended, in use; and the other in which the predominant purpose is the promotion of social, philanthropic, civic, or religious propaganda, and in which the insurance branch is maintained as a mere incident; and that the courts, keeping the distinction between the two classes steadily in view, have, as to the latter class, been less inclined to uphold apparent waiver of conditions from which a forfeiture might have resulted, and have required a stricter compliance on the part of members with the rules of the organization, than where the association is of the former class. As to this see State v. Farmers &c. Association, 18 Neb. 276 (25 N. W. 81) ; Farmer v. State ex rel. Carruthers (Texas), 7 S. W. 220; Supreme Council American Legion of Honor v. Larmour, 81 Tex. 71 (16 S. W. 633) ; Order of the International Fraternal Alliance v. State, 77 Md. 547 (26 Atl. 1040) ; Knights Templars' &c. Co. v. Berry, 50 Fed. 511 (1 C. C. A. 561) ; Daniher v. Grand Lodge A. O. U. W., 10 Utah, 110 (37 Pac. 245) ; Berry v. Knights Templars' &c. Co., 46 Fed. 439. The 9th section of the act of 1900, heretofore referred to [Civil Code (1910), § 2877], expressly recognizes the Junior Order of United American Mechanics as belonging to the latter class; and therefore it is clear that this fraternal order does not belong to the class whose predominant object is the paying of benefits, and it is plain that the paying of benefits is not a necessary incident to membership. However, in the present case the answer

shows that the dues required to entitle a member of the order to funeral benefits are not paid by him directly to the National Council, but that the subordinate council in which such member holds a membership pays in behalf of each member desiring that incidental protection the dues necessary to entitle him to a funeral benefit. The National Council receives its money from the subordinate council, and the question whether a member who apparently is entitled to a funeral benefit from the National Council is in fact so entitled is to be determined by the standing of the deceased member with his subordinate council, upon which devolves not only the duty, in his behalf, of keeping him in good standing with the National Council, but also the duty in behalf of the National Council of taking affirmative action for his suspension in case his dues are in arrears. The financial secretary, under the provisions of article XII of the by-laws, is required to furnish the council the names of all members thirteen weeks or over in arrears. It is then the duty of the council to direct the recording secretary to notify such members that they are liable to suspension unless their arrearages (either in full or such an amount as would reduce the arrearages to less than thirteen weeks) are paid. And the by-law provides that if this notice is "not complied with, the council shall, unless otherwise ordered by the council in open council, declare such members suspended for the non-payment of dues." While, as ruled in Supreme Council Royal Arcanum v. Taylor, 121 Fed. 66 (57 C. C. A. 406), Phillips v. U. S. Grand Lodge, 39 Misc. 296 (79 N. Y. Supp. 540), Smith v. Sovereign Camp of Woodmen of the World, 179 Mo. 119 (77 S. W. 862), and Supreme Lodge &c. v. Jones (Ind. App.), 69 N. E. 718, no affirmative action is necessary when a condition expressly denies the right to benefit *independently* of affirmative action suspending the member, in the present case it would seem that the member was entitled to benefits unless affirmative action was taken, in obedience to the authority of the National Council, by the proper officers of the subordinate council; and the case upon this point is controlled by the ruling of this court in *Starnes* v. *Atlanta Police Relief Association,* 2 *Ga. App.* 237 (58 S. E. 481), without regard to the fact that the predominant purpose of the police association may be, as insisted by the plaintiff in error, the payment of benefits.

That the prompt payment of dues (unless prompt payment be

waived) may be an essential condition precedent to the right to receive benefits is not to be denied; but in the present case the trial judge was authorized, from facts which appear undisputed in the record, to find that Rodger Caraway was not in arrears in his dues to the National Council because such dues had been paid for him by the subordinate council, and in that event, of course, the plaintiff was entitled to the funeral benefits. On the other hand, if the judge found that Rodger Caraway was in arrears at the time of the payment of his dues in full, during his sickness, the uncontested facts authorized the inference that the subordinate council was the agent of the National Council for the purpose of collecting the dues, as well as for the purpose of suspending those who were in arrears, and that, by sending the notice and accepting and retaining the payment made in behalf of Caraway, it waived the right to insist upon the forfeiture which, but for this, might have been asserted. Beyond all this, as already stated, the by-laws in the record contain nothing that would prevent the collection of the funeral benefit by Caraway's beneficiary, because the by-laws in the record can not be held to include denial of funeral benefits. If we are right in our view that the action of the officers of the subordinate council as agents of the National Council bound the latter, then the decision of the trial judge was undoubtedly right, upon the ground that the defendant, by accepting and retaining the dues of a member who was in arrears, with knowledge of all the facts, is estopped from insisting upon a forfeiture based upon the ground that the member was in arrears. 29 Cyc. 196. There was no error in the judgment rendered.

*Judgment affirmed. Powell, J., dissents.*