(86 Misc. Rep. 13)

MAKMAN v. INDEPENDENT ORDER FREE SONS OF JUDAH.

(Supreme Court, Appellate Term, First Department. June 18, 1914.)

1. INSURANCE (§ 754*)—MUTUAL BENEFIT INSURANCE—NONPAYMENT OF DUES—EXCUSES.

A notice sent by a benefit society to a local lodge that it and its members would stand suspended on a certain date, unless prior to that time it should be recruited with younger men, and that thereafter the society would refuse to recognize it and its members, though unauthorized, and a

breach of a member's contract, did not justify him in failing to pay his dues up to the date specified, so as to authorize a recovery on his certificate, notwithstanding his nonpayment of such dues; an insurance policy not being a contract of the character to which the rule of anticipatory breach applies.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1906; Dec. Dig. § 754.*]

2. INSURANCE (§ 765*)—MUTUAL BENEFIT INSURANCE—BREACH BY SOCIETY—REMEDY OF MEMBER.

Where a benefit society notified a local lodge that on and after a certain date it would not recognize the lodge or its members, unless certain conditions which the society had no power to impose were complied with, a member of such lodge could either abandon his contract with the society and consider it as rescinded, keep it alive by tendering performance, or bring a suit in equity to compel the society to receive his assessments and to restrain it from carrying into effect its declared purpose.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1927; Dec. Dig. § 765.*]

3. INSURANCE (§ 756*)—MUTUAL BENEFIT INSURANCE—NONPAYMENT OF PREMIUMS—SUSPENSION.

A provision of the constitution of a benefit insurance society that, if a member neglected to pay his dues at the time specified, he should stand stricken off the roll of membership, was self-executory, and suspended a member, without further action on the part of a local lodge.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1917, 1918; Dec. Dig. § 756.*]

Appeal from City Court of New York, Trial Term.

Action by Bertha Makman against the Independent Order Free Sons of Judah. From a judgment for plaintiff, after a trial by the court without a jury, defendant appeals. Reversed, and complaint dismissed.

Argued June term, 1914, before SEABURY, PAGE, and BIJUR, JJ.

Leopold Freiman, of New York City, for appellant.
Jonas J. Hegt, of New York City, for respondent.

PAGE, J. This is an action brought by the plaintiff, as widow of one Max Makman, deceased, to recover the sum of $500, alleged to be due to her under an endowment certificate issued by the defendant. It is not disputed that on July 15, 1896, Max Makman was duly initiated and admitted to membership in the Forest City Lodge, of Cleveland, Ohio, a duly constituted subordinate lodge of the defendant order, and that at the time of his said admission into the order he was given a certificate of the order under seal, certifying that he was such member, and agreeing to pay to his widow, upon his death, the sum of $500 out of its endowment fund. It is also admitted that in the month of May, 1908, the defendant order sent to its aforesaid Forest City Lodge certain letters, stating that the said lodge and its members would stand suspended from the order on July 1, 1908, unless prior to that time it should be recruited with younger men, and that from and after that day the defendant would refuse to recognize said Forest City Lodge

and its members, and that it would refuse to pay any endowment benefits after that day, but that it would pay all death claims accruing up to July 1, 1908. The members of Forest City Lodge were required to pay monthly dues in advance at the rate of $1.35 per month. The constitution of the defendant order contained the following provision:

"Any member failing to pay his monthly dues on the first meeting of the month, notice shall be mailed to his last known address to pay up his dues at the next meeting viz., on the second meeting of the month. Should a brother neglect to pay on that date, he shall stand stricken off the roll of membership for nonpayment of dues."

It is conceded that Max Makman did not pay any dues from February 23, 1908, to July 1, 1908, and that before the second meeting in June, 1908, the Secretary of Forest City Lodge sent a notice to Max Makman to pay his dues and arrearages to July 1, 1908, at the second or general meeting in June, and that Makman did not pay his dues at that time, and has not since paid them, and in response to requests of his secretary said "that the lodge will go to ruin anyhow, so that he would not pay up."

[1-3] The plaintiff seems to have been allowed to recover in the court below upon the theory that, there being no authority for the suspension of the Forest City Lodge by the defendant order for the reasons stated in its letters of May, 1908, and its refusal to recognize the Forest City Lodge and its members being a breach of the contract, the plaintiff's decedent, Max Makman, was absolved of his duty to continue the tender of payment of dues after receipt by his lodge of the aforesaid letters of suspension. There is no force in this contention. An insurance policy is not a contract of the character to which the rule of anticipatory breach applies. Kelly v. Security Mut. Life Ins. Co., 186 N. Y. 16, 78 N. E. 584, 9 Ann. Cas. 661. Upon being informed of the letter stating the intention of the defendant on and after July 1, 1908, not to recognize the subordinate lodge unless certain conditions were complied with, which the defendant had not power to enact, three courses were open to him: Either to abandon entirely his contractual relations with the defendant and consider the contract as rescinded, or to keep the contract alive by tendering performance, or to bring a suit in equity to compel the defendant to receive his assessments and restrain it from carrying into effect the purpose declared by its letter. Langan v. Supreme Council, Am. L. of H., 174 N. Y. 266, 270, 66 N. E. 932.

The notice of May, 1908, issued by the defendant, did not take effect until July 1, 1908, and there was no reason why the plaintiff's decedent should not keep his membership in good standing by paying his dues up to that date, if he desired to continue the contract, or resort to equity to enforce his rights. This he did not do, but he intentionally allowed his membership to lapse, and renounced the contract by declaring that he would not pay because the lodge was going to ruin anyhow. Though his name was never actually stricken from the defendant's roll of membership, the constitution states that, where a member has not paid his dues after notice on the second meeting of the month, "he shall stand stricken off the roll of membership for nonpayment of

dues." The language of this provision would appear to be self-executory, and to suspend the member without further action on the part of the lodge. Phillips v. U. S. Grand Lodge, 39 Misc. Rep. 296, 79 N. Y. Supp. 540. The decedent was not a member of the lodge in good standing on July 1, 1908, and was not such member at the time of his death in 1911, and his widow is therefore not entitled to recover in this action.

The judgment appealed from should be reversed, with costs, and the complaint dismissed, with costs. All concur.