14164.   INDEPENDENT ORDER OF CALANTHE, etc., *v.* KELSEY.

STEPHENS, J. 1. Where a life-insurance policy in a fraternal benefit society provides, as a condition precedent to the society's liability under the policy, that the insured, at the time of death, shall be " in good standing in Subordinate and Grand Courts, with all endowment tax paid up," and that the records of the Grand Court shall sustain that fact, and provides further that " the quarterly taxes shall be fifty cents per quarter and paid in advance at the beginning of each quarter, January, April, July, and October of each year," and that, unless such taxes are paid as thus provided in the policy, the policy shall be null and void, the payment by the insured in the month of July of all monthly dues, and the endowment tax required by the policy to be paid to that date amounts to a payment of the endowment tax through the quarter ending with the advent of the month of October. Where the insurer died in the month of September, and therefore was not in arrears in the payment of the endowment tax, the beneficiary was, if the insured was in good standing at the time of the insured's death and if not otherwise barred, entitled to recover under the policy.

2. What constitutes " good standing " is determined by the laws of the order, and, in the absence of any evidence as to what, under the laws of the order, fails to constitute " good standing in Subordinate and Grand Courts," as a condition precedent to a recovery under the policy, the bare fact that the insured, at the time of death, was in arrears in the payment of certain dues to the subordinate lodge does not establish the fact that the insured at the time was not in good standing, and that there can be no recovery under the policy. See, in this connection, *Starnes* v. *Atlanta Police Relief Asso.,* 2 *Ga. App.* 237 (58 S. E. 481); *Warwick* v. *Supreme Conclave,* 107 *Ga.* 115 (32 S. E. 951).

3. The payment by a member to his local lodge of his dues and other indebtedness to the order is, in the absence of anything in the laws of the order to the contrary, presumably a payment to the proper authorities of the order. *National Council &c.* v. *Caraway*, 13 *Ga. App.* 819 (81 S. E. 243).

4. It appearing that liability under the policy is denied solely upon the ground that the insured was at the time of death in arrears to the order and not in good standing, and that the sole defense made by the defendant, the insurer, in its plea filed in defense to a suit by the beneficiary on the policy, was that the insured " was not in good standing in Subordinate and Grand Courts with all endowment tax paid up, and for said reason Ľ. A. Kelsey is not entitled to recover in said case," and there being no defense that the records of the Grand Courts did not sustain this fact, the contentions of counsel for the plaintiff in error in his brief, that " no proof of death was offered or submitted," and that " there was no evidence offered to show that the records of the Grand Courts sustained the fact that the deceased sister was in good standing at the date of her death," are without merit.

5. The evidence authorized the inference that all payments made were to the duly authorized officers of the order and that the insured member was at the time of her death in good standing with all endowment tax paid up, and the verdict rendered in behalf of the beneficiary was therefore supported by the evidence.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 13, 1923.

Complaint; from city court of Newnan — Judge Post. December 7, 1922.

*A. H. Freeman,* for plaintiff in error.

*Stanford Arnold,* contra.