THE STATE *ex rel.* GRAHAM *et al.* v. NICHOLS *et al.*

1. **Life Insurance:** ANCIENT ORDER OF UNITED WORKMEN: AMENABILITY TO INSURANCE LAWS OF IOWA. The objects of the Ancient Order of United Workmen considered (see opinion), and *held* that its main purpose is that of life insurance, and insurance against sickness and disability, and that, therefore, it is amenable to the laws of the state relating to insurance companies. (Compare former opinion in same case, 66 Iowa, 26.)

2. **Pleading:** PETITION AND AMENDMENT: DEMURRER. Where there is a demurrer to a petition as amended, and the amendment contains averments as to the legal effect of facts shown by the petition and its exhibits, such averments are not admitted by the demurrer, but it will be determined by the facts shown, regardless of the legal conclusions.

*Appeal from Blackhawk District Court.*—Hon. D. J. Lenehan, Judge.

Filed, December 20, 1888.

Quo warranto to determine whether the plaintiffs or defendants, and their respective associates, were the true and rightful members and corporators of the Ancient Order of United Workmen, an incorporation of the state of Iowa, and to oust and exclude defendants and their associates from acting as such incorporation, and exercising any of its powers, functions and franchises. A demurrer to the petition was sustained, and, plaintiffs refusing to further plead, but standing on their petition, judgment was rendered against them. They now appeal. The case has before been in this court. See 66 Iowa, 26.

*Davison & Lane, John Frizzell* and *H. C. Hemenway,* for appellants.

*J. D. Nichols* and *J. J. Tolerton,* for appellees.

Beck, J.—I. After this cause was remanded to the court below upon the former appeal, the plaintiffs filed an amendment to their petition, which, among other things, alleges that the Ancient Order of United Workmen, the association involved in this case, "is a secret, oath-bound and voluntary fraternal society, organized only and solely for social, benevolent and fraternal purposes," and that the Grand Lodge of the order in Iowa was an institution of the same character, organized solely to aid the association in carrying out its social, benevolent and fraternal purposes. Other allegations of the amendment relate to the form of the organization, the proceedings and other matters connected therewith, which need not be here recited. The amendment, considered in connection with the statements of the pleadings and of the constitution of the order made a part of

The State ex rel. Graham v. Nichols.

the petition, found in our prior opinion (66 Iowa, 26), presents the case as made out by the petition.

II. If the petition shows that the order is in fact a life insurance company, an aid society, or an association for the insurance of lives on the assessment plan, being chartered and organized under the laws of another state, it cannot be allowed to do business here unless it has complied with the statutes of this state as to its capital, the investment thereof, and other requirements. If the order be purely a benevolent, social or fraternal institution, these statutes are not applicable. If it be an insurance company,—that is, an institution which undertakes to pay a sum of money upon the death of the assured, or at another fixed time, in consideration of premiums, assessments, or payments made in any other way, it must comply with the requirements of our statutes before it can do business or exercise any authority or power in the state. We understand that this position is not questioned by plaintiff's counsel.

III. The only inquiry we need make is this one: Is the Ancient Order of United Workmen, which is attempting to exercise authority here, and is incorporated under the law of a sister state, an institution for life or other assurance? Counsel for plaintiffs insist that the amendment to the petition, which. avers in effect that the order was organized solely for social, benevolent and fraternal purposes, is to be taken as settling the question, upon the demurrer, involving the objects and character of the order, and that we must regard the order as possessing the character alleged in the amendment. But the amendment is to be read with the petition and the constitution of the order, which discloses its objects, purposes and practices. If the constitution or other parts of the petition are in conflict with the amendment, they are not superseded by the amendment, which is to be regarded simply as allegations of conclusions based upon the petition. The petition, with the constitution, shows the true character of the order. The amendment,—the mere allegation of the pleader's

conclusion of law,—is not to supersede the facts pleaded in the petition. The constitution of the Supreme Lodge of Iowa states the objects of the order in the following language: "Pretermitting all reference to nationality, political opinions or denominational distinctions or preferences, but believing in the existence of a God, the Creator and Preserver of the Universe, and recognizing as a fundamental principle that usefulness to ourselves and others is a duty, which should be the constant aim and care of all, the following are submitted as the aims and purposes of the Ancient Order of United Workmen : (1) To embrace and give equal protection to all classes and kinds of labor, mental and physical; to strive earnestly to improve the moral, intellectual and social condition of its members; to endeavor, by wholesome precepts, fraternal admonitions and substantial aid, to inspire a due appreciation of the stern realities and responsibilities of life. (2) To create a fund for the benefit of its members, during sickness or other disability, and, in case of death, to pay a stipulated sum to such person or persons as may be designated by each member; thus enabling him to guaranty his family against want. (3) The adoption of such secret work and means of recognition as will insure the protection of its members wherever the order may exist. (4) To hold lectures, read essays, discuss new inventions and improvements, encourage research in art, science and literature, and, when practicable, maintain a library for the improvement of the members." An examination of the constitution and laws of the order discloses no provisions for carrying out the purposes set out in the first, third and fourth of the foregoing paragraphs. There are no regulations pertaining to these purposes, and no method prescribed for promoting them. It is probable that the purposes set out in the third paragraph would not be promoted by published regulations. There are particular and numerous provisions in the constitution and laws of the order pertaining to the objects set out in the second paragraph, which relates to the insurance side of the order. Now, surely, it cannot be claimed

The State ex rel. Graham v. Nichols.

that the institution is not an insurance company, doing business in a manner and form not at all uncommon. It provides for a fund to be paid to the beneficiaries during sickness or disability, or in case of death. This fund is raised by assessments made up on the occasion of the death of members, and by fees paid upon application for the right to participate in the benefits. Here is an assessment insurance, company, pure and simple. It may be that there are other objects of the order, but they do not seem to be of sufficient importance to demand or require legislation by the order. Surely we are justified in holding that the primary object of the order, as shown by the petition, which sets out its constitution and laws, is life insurance, and insurance against sickness and disability. The fact that it has or may have other objects does not destroy its character as an insurance company. It will be observed that the financial and benefit business of the order is the field on which arises the contest resulting in the partial dismemberment of the order. We may regard this as evidence that the benefit business is regarded as of so much prominence that the question of the manner of its prosecution is of sufficient importance to justify the dismemberment of the order. It must, indeed, be a business which is one of the leading purposes of the order. The statute of the state requires companies doing an insurance business of this kind to comply with prescribed, regulations as to their capital. This law is wisely intended to protect the people of the state from irresponsible companies. Its objects are demanded by the best interest of the people, and we can discover no reason why it should not be applied to institutions of the character of the association involved in this suit. Having reached the conclusion that the petition shows that the business, or at least a part of the business, of the order is that of life insurance, and insurance in other forms, there is nothing further to consider in the case. If the order, through its incorporation, does the business of life insurance, or insurance against sickness

The State ex rel. Graham v. Nichols.

or disability, it must comply with the laws of this state. As it does not show such compliance, it cannot do business here. The discussion upon this case has been prolonged and of marked ability. Notwithstanding all counsel have so well and learnedly said in the case, we think it is really in a nutshell, and demands from us no further discussion. We are united in the satisfactory conclusion that the judgment of the district court ought to be                    AFFIRMED.