COMMERCIAL TRAVELERS' LIFE & ACCIDENT ASS'N v. RODWAY,

Collector of Internal Revenue.

(District Court, N. D. Ohio, E. D.    December 3, 1913.)

No. 8292.

1. INTERNAL REVENUE ⊚⇒9—EXCISE TAX ON CORPORATIONS—"INSURANCE COMPANY"—"DOING BUSINESS."

An association organized under the laws of a state for the purpose of collecting assessments from its members and disbursing the same in the payment of benefits on the death or injury of members and the expenses of the association, any surplus at the end of a year being paid into a reserve fund to be used in payment of losses in any succeeding year which may exceed the assessments for that year, is an "insurance company," and in exercising the functions for which it was organized is "doing business," within the meaning of those terms as used in Corporation Tax Act Aug. 5, 1909, c. 6, § 38, 36 Stat. 112 (Comp. St. 1913, § 6300), which provides that "every corporation * * * and every insurance company * * * organized under the laws of * * * any state * * * shall be subject to pay annually a special excise tax with respect to the carrying on or doing business by such corporation * * * or insurance company equivalent to one per centum upon the entire net income over and above five thousand dollars," etc.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 13–28; Dec. Dig. ⊚⇒9.

For other definitions, see Words and Phrases, First and Second Series, Insurance Company; Doing Business.]

2. INTERNAL REVENUE ⊚⇒9—EXCISE TAX ON CORPORATIONS—EXEMPTIONS—"FRATERNAL BENEFICIARY SOCIETIES."

The exemption from tax contained in the proviso of said section: "That nothing in this section contained shall apply to * * * fraternal beneficiary societies, orders or associations operating under the lodge system," does not apply to such a mutual protective association organized under Gen. Code Ohio, § 9427, "fraternal benefit societies," as distinguished from mutual protective associations, being expressly provided for in section 9462 et seq. of said Code, and defined as limited to societies having a lodge system.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 13–28; Dec. Dig. ⊚⇒9.]

3. INTERNAL REVENUE ⊚⇒9—EXCISE TAX ON CORPORATIONS—EXEMPTIONS.

The absence of profit in the operation of such an association is not the criterion as to whether it is within the exemption as a fraternal beneficiary society, but the want of a fraternal side and object which it is in some measure organized to promote.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 13–28; Dec. Dig. ⊚⇒9.]

At Law.   Action by the Commercial Travelers' Life & Accident Association against A. N. Rodway, Collector of Internal Revenue for the Eighteenth District of Ohio.   On demurrer to petition.   Demurrer sustained.

Blandin, Hogsett & Ginn, of Cleveland, Ohio, for plaintiff.
U. G. Denman, of Cleveland, Ohio, for defendant.

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

KILLITS, District Judge. The plaintiff has paid under protest to the collector of customs of this district the corporation excise tax required by the act of 1909 upon its net income for the year 1910, and now seeks by this action to recover back such payment. The grounds upon which it founds its right of action are stated in these parts of its complaint, upon which facts it claims the right of recoupment:

"That plaintiff company is organized by virtue of the statutes of Ohio as a mutual protective association; that its only source of revenue is the assessments paid by its members; that after the losses sustained during any year are paid by the association, and the general expenses of the company for rents, bookkeeping, salaries, etc., are paid, the surplus, if any, in the hands of the treasurer, is paid into a reserve fund, which fund is the sole and only resource of the company for the payment of losses, should any occur in excess of the amount of income during any year; that this reserve fund is the sole and only guaranty and protection that the members of the association have, after the payment of assessments, that losses sustained by members shall be paid; that it is necessary that the net income each year be paid into this reserve in order to have on hand sufficient resources to meet the outstanding liabilities of the association; that the total membership of the association on December 31, 1910, was 3,601; that the outstanding liabilities for said association for policies in force on said date was $7,096,000; that the reserve fund on December 31, 1910, including the said net income of the year 1910 of $40,354, was $382,875.95; that the said net income of $40,354 does not represent profits of this association, but a balance left in its hands from assessments on its members, after paying losses and expenses of the association for the year, 1910, and in an increment to the reserve fund, against which fund there are outstanding liabilities as before alleged; that the plaintiff is not engaged in business for profit, but the only function is to receive payments from its members and make distribution thereof to members who may sustain injuries or to representatives of members in case of death of members; that members of the plaintiff association do not share in any way in the net income of the association by way of receiving dividends or proportionate shares of said net income; that plaintiff is not subject to the provisions of the law known as the Corporation Tax Act, being the act of Congress approved August 5, 1909, and especially is not subject to the provisions of section 38 of said act (36 Stat. at Large, page 112); that plaintiff is not an organization carrying on or doing business within the meaning of said act of Congress, and by said act it is not contemplated that companies such as the plaintiff and doing the business of plaintiff should be subject to a tax on their net income."

In the brief filed in behalf of the plaintiff, two points are urged upon these facts: (1) That the company is within the exception to the operation of the excise act. (2) That the business transacted by the company is not such business as comes within the main provisions of the section.

[1] Taking the last proposition first, the statute in its parts pertinent to this situation reads as follows:

Chapter 6, 36 Statutes at Large, page 112, section 38: "that every corporation, joint-stock company or association, organized for profit and having a capital stock represented by shares, and every insurance company, * * * organized under laws of * * * any state * * * shall be subject to pay annually a special excise tax with respect to the carrying on or doing business by such corporation, joint-stock company or association, or insurance company," etc.

We do not understand that Congress is here using the words "corporation, joint-stock company or association organized for profit and having a capital stock represented by shares and every insurance company" in apposition, but by the use of these particular terms it is intended to define the several classifications or organizations of persons having authority and attributes of individuality given them by the operation of the law to work out corporate purposes, which are to be subject to the excise.

That the plaintiff is an insurance company, within the purview of this act, is hardly open to question.   State ex rel. Graham v. Nichols, 78 Iowa, 747, 41 N. W. 4;  Citizens' Life Ins. Co. v. Commissioner of Insurance, 128 Mich. 85, 87 N. W. 126. . The opinion in the latter case is especially full upon this subject, and on the authorities therein relied upon the question seems to be concluded.

If the plaintiff is, therefore, an insurance company under the act, the transactions in which it admits it is engaged constitute "doing business," as the term is used in the act, for that expression unquestionably means the substantial doing of some work or the exercise of some of the functions for which the corporation was created.   Beard v. Union American Publishing Company, 71 Ala. 60, 62.

[2] It follows, therefore, that, unless the plaintiff may establish itself as one of the companies or associations specifically exempt from the operation of the statute in the proviso which is now quoted, it is clearly subject to tax.   The proviso reads as follows:

"Provided, however, that nothing in this section contained shall apply to labor, agricultural or horticultural organizations, or to fraternal beneficiary societies, orders or associations operating under the lodge system, and providing for the payment of life, sick, accident, and other benefits to the members of such societies, orders or associations, and dependents of such members, nor to domestic building and loan associations, organized and operated exclusively for the mutual benefit of their members, nor to any corporation or association organized and operated exclusively for religious, charitable, or educational purposes, no part of the net income of which inures to the benefit of any private stockholder or individual."

By the General Code of Ohio, under which the plaintiff is organized, it appears that it cannot claim the privileges and immunities of a fraternal beneficiary society.   It avers in its petition that it is a corporation organized and acting under the provisions of sections 9427 to 9461, inclusive, of the General Code of Ohio.   These sections constitute chapter 3, subdivision 1, division 3, title IX, of the Code of Ohio, as officially arranged, and is the chapter which by its title provides for the organization and regulation of mutual protective associations, The initial section (9427) reads as follows:          •

"A company or association may be organized to transact the business of life or accident or life and accident insurance on the assessment plan, for the purpose of mutual protection and relief of its members, and for the payment of stipulated sums of money to the families, heirs, executors, adminis-

trators, or assigns of the deceased members of such company or association, as the member may direct, in the manner provided in the by-laws. The company also may receive money either by voluntary donation or contribution, or collect it by assessments on its members, and may accumulate, invest, distribute and appropriate such money in such manner as it deems proper. All accumulations and accretions thereon shall be held and used as the property of the members and in the interest of the members, and not to be loaned to, used, appropriated, or invested for the benefit of any officer or manager of such company or association. No company or association shall issue a certificate for a greater amount than it is able to pay from the proceeds of one assessment. Such company or association shall be subject to the provisions of this chapter."

We submit that the business transacted by the plaintiff, as described in the extract from the petition which we have quoted above, is precisely that outlined and authorized by this section 9427, and that plaintiff before the court stands, as it pleads, squarely under this section and the subsequent sections of that chapter. Chapter 4 of the same subdivision and title is made up of sections 9462 to 9509, inclusive, and provides for the organization and regulation of fraternal benefit societies as distinct from mutual protective associations. Its initial section (9462) reads as follows:

"Any corporation, society, order, or voluntary association, without capital stock, organized and carried on solely for the mutual benefit of its members and their beneficiaries, and not for profit, and having a lodge system with ritualistic form of work and representative form of government, and which shall make provision for the payment of benefits in accordance with section 5 hereof, is hereby declared to be a fraternal benefit society."

Can it be said that the law of the state from which the plaintiff derives its authority to exist and do business makes it possible that plaintiff, organized as a mutual protective association, can be at the same time a fraternal beneficiary association? We feel that there is but one answer to this question, and that it necessarily follows that this situation of the law of Ohio, in force when plaintiff was organized and when the act of 1909 was passed by Congress, deprives plaintiff of the right to claim to be within the exception written into section 38, which we have quoted above.

This is true whether the words "operating under the lodge system," in the proviso, modify simply "associations," or apply to each of the several classifications in the expression "fraternal beneficiary societies, orders or associations operating under the lodge system." We think that the proper construction applies the words "operating under the lodge system" to each of these classifications, but, whether it does or not, in contemplation of the law of Ohio the plaintiff is not a "fraternal beneficiary society."

It seems very plain that Congress, in using this expression, did not intend to include within its operation a mutual protective association, such as plaintiff is. A mutual protective association, operating as

plaintiff does, is nothing different from a mutual insurance company. A fraternal beneficiary association may be a mutual insurance company, and must be something more. The court shall assume that Congress used the term according to its legal significance at the time the act was passed. Grogan v. Garrison, 27 Ohio St. 50, 63. This term had been extensively defined, judicially and by statute, before 1909. Berry v. Knight Templars' & Masons' Life Indemnity Co. (C. C.) 46 Fed. 439; Knight Templars' & Masons' Life Ind. Co. v. Berry, s. c. (Eighth Circuit Court of Appeals) 50 Fed. 511, 1 C. C. A. 561; National Union v. Marlow, 74 Fed. 775, 21 C. C. A. 89; Corley v. Travelers' Protective Association, 105 Fed. 854, 46 C. C. A. 278. These cases establish the definition of a fraternal beneficiary society inconsistent with plaintiff's claim that it should be so regarded, and all of them are cases decided long anterior to the passage of the act.

Defining the words "fraternal beneficial" as used in the Missouri Revised Statutes of 1889, Judge Thayer, in National Union v. Marlow, supra, 74 Fed. on page 778, 21 C. C. A. 92, says:

"It is noteworthy that, while the phrase 'fraternal beneficial' is used in the connection above shown to designate a particular kind of societies or associations that may be incorporated, yet it was not thought necessary to otherwise define the descriptive phrase thus employed. We must accordingly assume that the words 'fraternal beneficial' were used in their ordinary sense—to designate an association or society that is engaged in some work that is of a fraternal and beneficial character. According to this view, a fraternal beneficial society, within the purview of the Missouri statute, would be one whose members have adopted the same, or a very similar, calling, avocation, or profession, or who are working in unison to accomplish some worthy object, and who for that reason have banded themselves together as an association or society to aid and assist one another, and to promote the common cause. The term 'fraternal' can properly be applied to such an association, for the reason that the pursuit of a common object, calling, or profession usually has a tendency to create a brotherly feeling among those who are thus engaged. It is a well-known fact that there are at the present time many voluntary or incorporated societies which are made up exclusively of persons who are engaged in the same avocation. As a general rule such associations have been formed for the purpose of promoting the social, moral, and intellectual welfare of the members of such associations, and their families, as well as for advancing their interests in other ways and in other respects."

In Corley v. Travelers' Protective Association, supra, our own Circuit Court of Appeals, construing section 641, Kentucky Statutes, which provides that the words "insurance company" or "insurance corporation," as used in the section, "shall not apply to secret or fraternal societies, lodges or councils which are under the supervision of a grand or supreme body and secure members through the lodge system exclusively," said:

"We think this association comes under the Kentucky statute, unless it is within the exception embodied in section 641 of the statutes. We find nothing in the organization of a secret or fraternal character. We do not find the supervision of a grand or supreme body and members secured by the lodge

system exclusively. Not all commercial travelers may become members entitled to the benefits of the insurance. An application is required, setting forth the willingness of each applicant to submit to a physical examination, and waiving all provisions of law now existing or that may hereafter exist preventing any examining or attending physician from disclosing any information acquired while acting in a professional capacity or otherwise, or rendering him incompetent to testify as a witness in any way whatever. The 'benefits' are stated at a fixed amount in case of death, and certain specific sums for various injuries. It is evident that persons not answering these questions satisfactorily, though otherwise eligible, would be rejected as members. We do not discover in this association the features which characterize associations which the statute exempts from its provisions."

States other than Ohio, Missouri, and Kentucky had written into their statutes a definition of what constitutes a fraternal beneficial society in precisely the same lines. We have noticed Connecticut Public Acts of 1895, page 592; New Hampshire Public Statutes of 1901, page 578; Oklahoma Revised Statutes of 1903, section 3236; Michigan Public Acts of 1893, No. 119. Doubtless other states, to which our investigation has not extended, have similar provisions. It seems certain, however, that no state has a definition of a fraternal beneficiary association which would include an organization doing but the business of plaintiff and organized as it is; at least, we are unable to find any such, and we think we are justified in holding that at the time this act was passed the class of corporations to which plaintiff belongs was in law entirely distinct from that of fraternal beneficiary associations.

The decision of the Supreme Court in the corporation tax cases (Flint v. Stone-Tracy Co., 220 U. S. 107, 31 Sup. Ct. 342, 55 L. Ed. 389, Ann. Cas. 1912B, 1312), in holding that the constitutional limitation requiring uniformity in cases of taxation does not require equal application of the tax to all coming within its possible operation, but is limited to geographical uniformity only throughout the United States, and in deciding that Congress may tax a distinct advantage found in carrying on business in the manner specified in this law over carrying it on by partnerships or as individuals, and that the privilege which plaintiff obtained through its incorporation is that which is the subject of the tax, makes it clear that, in passing the act of 1909, Congress was justified in observing and acting upon just such a distinction as is here made.

[3] It cannot be said on the facts before us that plaintiff is engaged in some work that is of a fraternal and beneficial character. No more is it so engaged surely than was the National Union when the case in 74 Fed., supra, was decided, or the Travelers' Protective Association, defending in the case in 105 Fed. 775, 21 C. C. A. 89, supra, whose business, as shown by the quotation from the opinion which we have made from the case, proceeded on substantially the same lines as that of the plaintiff here. The absence of profit in the operation of the association is not the criterion, but the want of a fraternal side and ob-

ject which it is in some measure organized to promote. Such an absence in plaintiff's case is vital to its claim to be within the exception to the statute.

It follows that the demurrer should be sustained, with exceptions to the plaintiff.