CADWELL B. BENSON, Appellant, *v.* EASTERN BUILDING AND LOAN ASSOCIATION, Respondent.

VENUE—EFFECT OF STIPULATION IN A CONTRACT THAT ANY ACTION THEREUNDER SHALL BE COMMENCED IN A CERTAIN COUNTY. While a provision in a certificate of a building and loan association, that an action brought against the association by the certificate holder shall be commenced in a certain county, may be valid, it affects only the venue of the action; it does not affect the cause of action or constitute a defense thereto, nor does it affect the jurisdiction of the court, since that is prescribed by the Constitution of the state and the statutes passed thereunder; and if, in violation of the stipulation, an action is brought in another county, it is reversible error to dismiss the complaint for that reason; the remedy of the association is to move to have the place of trial changed to the county in which the plaintiff had agreed the action should be brought.

*Benson* v. *Eastern Building & Loan Assn.*, 67 App. Div. 319, reversed.

(Argued February 28, 1903; decided March 6, 1903.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 14, 1901, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*D. P. Morehouse* for appellant.

*Daniel A. Pierce* for respondent. The complaint was properly dismissed. (*Greve* v. *A. Ins. Co.*, 81 Hun, 28 ; *Heslin* v. *E. B. & L. Assn.*, 28 Misc. Rep. 378 ; *P. Ins. Co.* v. *Stukey*, 18 Ohio, 455 ; *Carpenter* v. *Shepardson*, 43 Wis. 406 ; *Bennett* v. *State*, 3 Ind. 167 ; *Daley* v. *P. B. L. & S. Assn.*, 178 Mass. 13 ; *Cowenhoven* v. *Ball*, 118 N. Y. 231 ; *Brady* v. *Nally*, 151 N. Y. 258 ; *Matter of Clark*, 168 N. Y. 427 ; *Matter of N. Y., L. & W. R. R. Co.*, 98 N. Y. 447 ; *G. P. Co.* v. *O. P. R. R. Co.*, 42 Fed. Rep. 470 ; *Egerton* v. *Brownlow*, 4 H. L. Cas. 196.)

CULLEN, J. The action was brought on certain certificates or contracts by which the defendant agreed to pay to the plaintiff in satisfaction of his shares the sum of one thousand dollars at the expiration of seventy-eight months from the date of the certificates provided the plaintiff made the periodical payments therein required. The venue of the action was laid in the county of Oswego. Judgment was rendered dismissing the complaint on the ground that it was provided by said certificates that " any action brought against this association (defendant) shall be commenced within six months after filing proofs and in the county of Onondaga and state of New York."

We think the disposition of the case below was erroneous. After the plaintiff had established a *prima facie* case he could be defeated only by disproof of his cause of action by proof of an affirmative defense or by showing that the court had no jurisdiction of the subject-matter. The condition in the certificates, that any action against the defendant should be brought in the county of Onondaga, did not constitute a defense to the cause of action. It did not purport to destroy the plaintiff's claim but merely to prescribe where that claim should be enforced. The distinction between such an agree-

ment and one providing that an action shall not be brought after a specified time is clearly pointed out by Chief Justice Sʜᴀw in *Nute* v. *Hamilton Mutual Insurance Company* (6 Gray, 174): " A stipulation that an action shall not be brought after a certain day or the happening of a certain event, although in words it may seem to be a contract respecting the remedy, yet it is so in words only; in legal effect it is a stipulation that a right shall cease and determine if not pursued in a particular way within a limited time, and then it is a fit subject for contract, affecting the right created by it.

" But the remedy does not depend on contract, but upon law, generally the *lex fori*, regardless of the *lex loci contractus*, which regulates the construction and legal effect of the contract.    *    *    *

" We do not mean to say that many of these are stipulations which it would be unlawful to make, or void in their creation, if made on good consideration, or that they do not become executory contracts upon which an action would lie, and upon which damages, if any were sustained, might be recovered. Still they would not be conditions annexed to the contract, to defeat it if not complied with, and so to be used by way of defense to an action upon it."

In *Daley* v. *People's Building, Loan & Saving Association* (178 Mass. 13), where the provision in the contract was substantially the same as that now before us, the Supreme Court of Massachusetts held that the condition was effective to prevent any action on the contract being brought in the courts of that state. In the opinion there delivered the case of *Nute* v. *Hamilton Ins. Co.* is not overruled, but distinguished in the fact that in the earlier case the stipulation prescribed in what county the action should be brought, while in the later case it required the action to be brought in another state, New York. We do not see that the difference in circumstance justified any distinction in principle. In the latter case the learned court said, referring to such a condition in the agreement: " It plainly purports to attach a condition to the contract, and we are of opinion that it does so effectually."

We assume that this is to say that the parties have agreed that the shareholder should have no cause of action against the defendant unless his action was brought in the specified county in the state of New York, and that, therefore, when he brings a suit elsewhere, his cause of action is not established. We think this argument proves too much. It is difficult to see why it would not uphold an agreement that all claims against the parties should be determined by arbitrators and not by the courts. It might be said with as much force in such a case as in the one now before us that the cause of action could, under the agreement, accrue only on the decision of the arbitrators. Yet nothing is better settled than that agreements of the character mentioned are void. (*Greason v. Keteltas,* 17 N. Y. 491; *Prest., etc., D. & H. Canal Co. v. Pennsylvania Coal Co.,* 50 N. Y. 250.) We think the doctrine of the *Nute* case is the true one, that the stipulation affects the remedy, not the cause of action.

Nor does the condition go to the jurisdiction of the court. That jurisdiction is prescribed by the Constitution of the state and the statutes passed under it. It can neither be added to nor subtracted from by the agreement of the parties. It is true that " Parties, by their stipulations, may in many ways make the law for any legal proceeding to which they are parties, which not only binds them, but which the courts are bound to enforce " (*Matter of N. Y., L. & W. R. R. Co.,* 98 N. Y. 447), but the jurisdiction of the court is beyond the agreement of the parties. Moreover, in this state there is but one Supreme Court; the court when it sits in Onondaga county and when it sits in Oswego county is exactly the same court.

Therefore, the condition in the contracts, if valid (and it may be so in this case, since the principal office of the defendant being in the county of Onondaga that was a county in which the Code authorized the action to be brought), affected only the venue of the action. If in violation of the stipulation the plaintiff brought his action in another county, the defendant's remedy was to move to have the place of trial changed to that in which the plaintiff had agreed it should be

brought. The Code provides in what counties the venue of an action may be laid, but if in contravention of those provisions the venue is laid in another county than that prescribed, the remedy given is a motion to change the place of trial. The erroneous practice neither affects the jurisdiction of the court nor defeats the cause of action. The same principle controls the case before us.

The judgment should be reversed and a new trial granted, costs to abide the event.

O'Brien, Bartlett, Martin, Vann and Werner, JJ. (and Parker, Ch. J., in result), concur.

Judgment reversed, etc.