## 6548.   NATIONAL COUNCIL JUNIOR ORDER UNITED AMERICAN MECHANICS *v.* CRAGEN.

There was no error in admitting any of the evidence objected to, and, the evidence as a whole demanding a recovery for the plaintiff, the court did not err in directing a verdict in her favor.

DECIDED FEBRUARY 3, 1916.

Complaint; from city court of Savannah—Judge Davis Freeman. March 9, 1915.

*Hitch & Denmark, John G. Kennedy,* for plaintiff in error.

*David C. Barrow, Raiford Falligant,* contra.

BROYLES, J.   Mrs. Maggie P. Cragen, the widow of H. C. Crawford, sued the National Council of the Junior Order, United American Mechanics, for $500, as a death benefit due her by reason of the membership of her former husband, Crawford, in class B of the funeral-benefit department of the defendant order.  Crawford joined the local council of the order in Savannah, in October, 1912.   When he was initiated into the order he took a funeral-benefit certificate in class B of the funeral-benefit department of the national council, which entitled his beneficiary, in the event of his death, to a payment of $500.   He paid all of his dues to the local council, and all of his assessments to the funeral-benefit department of the national council, up to July 1, 1913.   He died on May 23, 1913.   The recording secretary of the local council of the order failed to send on Crawford's name to the funeral-benefit department until May 8, 1913.   Beginning with November, 1912, and continuing up to the time of his death, the assessments from the local council to the funeral-benefit department of the order, sent on monthly, covered Crawford's dues to that department. Crawford died of pellagra.   Under section 15 of the by-laws of the national council it is agreed that no local council can make any claim for benefits upon the death of any member resulting "from any disease which has demonstrated itself prior to his admission or reinstatement into the funeral-benefit department."   If we agree with counsel for the plaintiff in error that Crawford was not admitted to the funeral-benefit department until May 8, 1913, the undisputed testimony is that prior to that date his only sickness was from indigestion, and there is no evidence whatever that the disease of pellagra demonstrated itself in his case until May 14 or 15, 1913; and therefore the provisions of section 15, just mentioned, afford no defense to the suit.   We think that the direction of the verdict was not error for an additional reason, to wit, the recording secretary of the local council of the order was the agent of the funeral-benefit department of the national order—to enroll members, collect the assessments due from them, and to transmit the names of those who had been enrolled in the funeral-benefit

department. See *National Council* v. *Caraway,* 13 *Ga. App.* 819 (81 S. E. 243), and authorities there cited. This being true, the fact that the local council of the defendant order, or its officers, failed to promptly send on to the national council Crawford's name, as having been enrolled in the funeral-benefit department, can not operate to defeat a recovery by the plaintiff. The evidence was undisputed that, beginning with November, 1912, the local council remitted every month to the funeral department of the national council assessments to cover the insurance carried by Crawford, and that these assessments were paid up to and beyond the date of his death.

The finding in favor of the plaintiff was clearly demanded by the evidence; there was no error in the admission of any of the evidence, and the court did not err in directing a verdict in her favor.                                         *Judgment affirmed.*