7141. SUPREME CIRCLE OF BENEVOLENCE *v.* BEALL.

Under the facts of this case, upon the motion to set aside the judgment against the defendant, the court was authorized to find that the local lodge in Sumter county was an "office and place of business" of the defendant for the transaction of business in that county, and that the local lodge was also the agent of the defendant, the superior or home lodge in Dougherty county, and that service of the plaintiff's suit upon the "chief executive officer" of the subordinate lodge in Sumter county was service upon the defendant.

DECIDED JULY 12, 1916.  REHEARING DENIED JULY 31, 1916.

Motion to set aside judgment; from city court of Americus— Judge Harper.  November 12, 1915.

*Wallis & Fort, Pope & Bennet,* for plaintiff in error.

*J. E. Sheppard, J. A. Hixon,* contra.

BROYLES, J.  A suit on a contract of insurance was brought in the city court of Americus against the Supreme Circle of Benevolence of the United States of America.  The sheriff of Sumter county served a copy of the suit, with copy of process attached, by leaving a copy of the same with Henry Statham, the chief executive officer of the local lodge of the defendant in Sumter county, to wit, Macedonia Lodge, No. 229, of the Supreme Circle of Benevolence of the United States of America.  The defendant made no appearance or defense, and judgment was rendered in favor of the plaintiff.  The defendant afterwards made a motion to vacate the judgment, for the alleged reason that there had been no legal service on the defendant, it being denied that Henry Statham, as chief executive officer of Macedonia Lodge, No. 229, was its agent, or that such lodge was its agent.  To this motion the defendant attached a blank copy of insurance policies issued by it, and its by-laws regulating the same.  Upon the hearing the trial judge sustained a general demurrer to the motion, and in so doing rendered the following opinion, which is a part of the record in this case:  "As appears by the entry of the sheriff, service of the action in this case was effected upon one Henry Statham, recited

in said entry as the 'chief executive officer of a local lodge, to wit: Macedonia No. 229 of the Supreme Circle of Benevolence,' etc. The defendant filed its application to vacate and set aside the judgment at the first term of this court after it had received notice of the rendition of the judgment, on the ground that there had been no service of the original suit effected on defendant, in that defendant contends that it has never had a branch office or place of business located in Sumter county, Georgia, nor any agent in said county, urging that Macedonia Lodge No. 229 of the Supreme Circle of Benevolence was in no sense a branch office or place of business of the defendant, and that the officers of said local lodge were not the agents of the defendant, and hence that service effected upon such local lodge or its executive officers was not, in law, in any sense service upon the defendant. To its petition so filed to vacate and set aside said judgment the defendant (movant), by way of amendment, attached a copy of its charter and also a blank form of certificate of insurance issued by its Bureau of Endowment. It appears that defendant procured its charter from the superior court of Dougherty county under the name and style of 'Supreme 'Circle of Benevolence,' with its principal office located in Albany, Georgia, its declared object being charitable, care for the sick and needy members, bury the dead, etc. It appears that the defendant established what it termed a Bureau of Endowment, against which it issues certificates (in the nature of graduated insurance) to the members of local or subordinate lodges; that the local lodge located in Sumter county, Ga., Macedonia No. 229 of the Supreme Circle of Benevolence, of which plaintiff was a member, and through which she applied for and procured the certificate from the defendant, which is the subject-matter of the litigation, was organized by the authority of and subject to the supervision and control of defendant; that said local lodge was dependent for whatever rights or authority it had upon the charter granted in Dougherty county to defendant, and was required on or before the 15th day of each month to file its report in the office of the Supreme Secretary, together with the twenty-five cents due and taxes for each member last reported, and [in the laws of the order it is provided that any lodge] failing to do so, shall be notified through the official organ, or by letter [of such failure] and fined one dollar, and if such failure continues until the 15th of the

next succeeding month thereafter, such lodge shall be suspended from the benefits of the Bureau of Endowment,' etc., and 'any lodge that allows itself to become suspended for a failure to pay its monthly dues . . can only reinstate itself in the Bureau of Endowment by the payment of one dollar, and for its members, not less than twenty in number, fifty cents each; and each certificate furnished such reinstated member to be written in Class A as any new member;' that 'any member owing two months dues, or one dollar, to their lodge, shall be declared suspended;' and 'if not paid before or at the first meeting thereafter, his or her name shall be forwarded to the Supreme Secretary as suspended; but there is nothing herein to prevent any suspended member from reinstating by the payment of fifty cents to the Bureau of Endowment and the surrender of the old certificate at any meeting thereafter for a new certificate of membership, providing he or she has complied with the local lodge law governing reinstatement of members.' It is further provided that 'every person becoming a member of the order is hereby made a member of the Bureau of Endowment, and shall be furnished with a certificate of membership by the payment of the fee charged for certificate;' further, that 'any negro, sound in body and mind and under the tongue of good report, not having been convicted for any crime that will disfranchise and not under the bonds of the courts, between the ages of sixteen and fifty years, can become a member of our Order by paying two dollars under a dispensation, or three dollars under the charter, provided always that one dollar and twenty-five cents of the initiation fee belongs to the Grand Lodge and the other to the lodge of which the applicant becomes a member.' The foregoing recited provisions are contained in the laws of the defendant printed upon the back of the certificate, and designated as 'Laws especially referred to as a part of this certificate,' and while it is provided in those laws further that 'the Bureau of Endowment shall in no event be responsible to individual members for the neglect or failure of the lodge to send in to the Supreme Secretary the names or money of its members under the requirements of this act,' yet it is obvious, from the scope of the provisions of the laws recited, that no individual member can take care of his individual certificate directly with defendant independently of the local lodge of which he is a member, and irrespective of whether other members pay

or not, because it is the duty of the local lodge to file its report in the office of the Supreme Secretary, together with the twenty-five cents dues and taxes for each member last reported, on or before the 15th day of each month, and failure to do so for a given length of time subjects the lodge and its entire membership to suspension from the benefits of the Bureau of Endowment, and it is provided that it can only be reinstated by the payment of one dollar, and for its members, not less than twenty in number, fifty cents each. The court is of the opinion that Macedonia Lodge No. 229 of the Supreme Circle of Benevolence was and is, under the plan of its organization, supervision, and control, as gathered from the pleadings in this case, a place of business, and, in fact, a part and parcel, in the nature of a branch, of the defendant corporation, and hence the court holds, and so orders and adjudges, that the service of the original suit was good as against defendant, and therefore sustains plaintiff's demurrer to the petition of defendant to vacate and set aside the judgment heretofore rendered as by default, on the ground that there was no service, and it is accordingly ordered that said petition be and the same is hereby dismissed."

We agree thoroughly with this opinion of the learned trial judge, and it so succinctly states the material facts of the case, and so aptly and correctly presents the law applicable thereto, that we have taken the liberty of incorporating it in our opinion and making it a part thereof. The case of *Jones* v. *District Grand Lodge,* 12 *Ga. App.* 273 (76 S. E. 279), cited and relied on by the learned counsel for the plaintiff in error, was a decision by two judges only, and will not be followed. In our judgment the dissenting opinion in that case, by Chief Judge Hill, presents the correct view of the law applicable to the facts therein stated.

We think, under the facts of this case, that the local lodge in Sumter county was the agent of the superior or "home lodge" in Dougherty county. Upon this question see *National Council &c.* v. *Caraway,* 13 *Ga. App.* 819 (81 S. E. 243), and *National Council of the Junior Order U. A. M.* v. *Cragen,* 17 *Ga. App.* 575 (87 S. E. 836). See also the dissenting opinion of Chief Judge Hill in the *Jones* case, above referred to.

The court did not err in sustaining the demurrer to the defendant's motion to set aside the default judgment previously rendered against the defendant, and in striking the motion.

*Judgment affirmed.*