## 8023. NATIONAL COUNCIL JUNIOR ORDER UNITED AMERICAN MECHANICS *v.* VAN GIESEN.

1. Refusal to direct a verdict is never ground for reversal. *Green* v. *Scurry*, 134 *Ga.* 482 (2) (68 S. E. 77); *Roper Wholesale Grocery Co.* v. *Faver*, 8 *Ga. App.* 178 (68 S. E. 883).

2. Where an assignment of error is made as to the admission of evidence, and it is not made to appear that any objection to the evidence was urged on the trial, the exception raises no question for determination by this court. *City of Rome* v. *McWilliams*, 145 *Ga.* 191 (2) (88 S. E. 931); *Ponder* v. *State*, 18 *Ga. App.* 727 (90 S. E. 376).

3. The exclusion of a certain letter, written after the death of the insured by T. T. Denham, recording secretary of subordinate council No. 8, to the general secretary of the National Council of the Junior Order of United American Mechanics, was not error. No conclusion of the writer, stated in a letter written after the death of the insured, could

affect the rights of the beneficiary. Moreover the letter attempts to make an explanation of the actions of the financial secretary of the subordinate council, and this evidently is hearsay.

4. The court did not err in excluding from the consideration of the jury the by-laws Nos. 58 and 59 of the National Council.

5. Where there is no conflict in the evidence, and that introduced, with all reasonable deductions or inferences therefrom, demands a particular verdict, the court may direct the jury to find for the party entitled thereto.

DECIDED JUNE 14, 1917.

Complaint; from city court of Savannah—Judge Davis Freeman. October 19, 1914.

*Hitch & Denmark, John G. Kennedy,* for plaintiff in error.

*Osborne, Lawrence & Abrahams,* contra.

BLOODWORTH, J. 1-3. Headnotes 1, 2, and 3 need no elaboration.

4. The by-laws which the court refused to allow in evidence are as follows: "Section 58, folio 109: No action at law or in equity shall be brought or maintained in any court by a member or his beneficiary or beneficiaries on any claim or cause arising out of membership in the beneficiary degree until all appeals or remedies within the order have been exhausted and unless such action is brought within six months of the time when such claim has been fully disallowed by the National Judiciary." "Section 23, folio 124: No member of the order, nor his beneficiary or dependent, shall have the right to bring or maintain any action at law or in equity against the National Council on account of beneficiary benefits. The Funeral Benefit Department transacts no business and has no contracts with individual members of the order, but solely with the councils of the order, and in case of the refusal of the Secretary-Manager to prove a death claim, and the council desires to appeal from his decision, it should be the duty of the council, within sixty days, to file with him an appeal of particulars, giving all of the facts of the case, whereupon it should be the duty of the Secretary-Manager to prepare his reason for refusal to pay such claim, and forthwith present all papers in the case to the National Judiciary for his adjudication." These by-laws seem to be unreasonable in their requirements, in that they provide that before a beneficiary can bring suit for the wrongful withholding of benefits to which he is entitled, appeal must be taken to the National Judiciary of the order, and no provision is made for the

beneficiary to make this appeal, but this right is conferred on the local council only; and for this reason it was probably proper for the judge to exclude the by-laws. But, in the view we take of the case, it is not necessary to decide this question, as the by-laws were clearly irrelevant and immaterial after the national council had refused to furnish to the local council and to the beneficiary blanks for proof of death, and had declined to pay the claim, as shown by the following portion of the agreed statement of facts, to wit: "After the death of the said Frank S. Van Giesen, the plaintiff notified the Recording Secretary of the Henry W. Grady Council No. 8 of the Junior Order of United American Mechanics of the death of her husband, giving the name, age, and roll number of her deceased husband, and demanded such blanks as might be necessary to file proofs of death in order to claim the benefit of $500, but the Recording Secretary, after such demand, communicated with the officers in charge of the funeral department of the National Council of the Junior Order of United American Mechanics, who refused such blanks, and said National Council declined to pay the claim of the plaintiff." *National Life Insurance Co.* v. *Jackson,* 18 *Ga. App.* 494 (89 S. E. 633).

5. Did the court err in directing a verdict for the plaintiff? The defendant insisted that it was not liable, because the plaintiff had been in arrears for dues for thirteen weeks at the time the sickness which ended in his death began. The agreed statement of facts set out above shows that prior to the death of the said Van Giesen all dues had been paid to the local council and all to the national council, and that these payments had been remitted regularly each month by Council No. 8 to the funeral benefit department of the national council, and that the deceased had never been suspended. Although the dues of the deceased had been in arrears, yet when they were received and kept by the local council this was a waiver by that council of the requirements of the by-laws as to prompt payment. In *National Council &c.* v. *Caraway,* 13 *Ga. App.* 819, 823 (81 S. E. 243), this court said: "We agree with the contention of the defendant in error that the receipt of the dues of Rodger Caraway on June 18, 1908, by West End Council (the sum of money received by the council being sufficient to pay all his dues up to and including the time of his death) is a waiver on the part of West End Council of the by-law depriving the de-

fendant in error of funeral benefits. The . . financial secretary . . accepted the payment, as he was authorized to do, and gave the customary receipt, and at the time of Rodger Caraway's death the money thus collected had not been returned or tendered." In the instant case Council No. 8 had collected all dues for which the deceased was liable, and had given him the customary receipt, and at the date of his death the dues thus collected had not been returned or tendered.   The record in this case shows that the dues to entitle a member of the order to funeral benefits are not paid by him directly to the national council, but are paid to the subordinate council in which he holds membership.   The national council receives this money from the subordinate council, and the question whether a member is entitled to a funeral benefit from the national council is to be determined by the standing of the deceased member with his subordinate council, upon which devolves not only the duty of keeping him in good standing with the national council, but also the duty of the national council to take affirmative action for his suspension in case his dues are in arrears. In this case the national council received, accepted, and retained the monthly dues remitted in behalf of the deceased, and must be presumed to have done so with a knowledge of all the facts; for, as was said in the case of *National Council &c.* v. *Cragen,* 17 *Ga. App.* 575 (87 S. E. 836), "the recording secretary of the local council of the order was the agent of the funeral-benefit department of the national order—to enroll members, collect assessments due by them, and to transmit the names of those who had been enrolled in the funeral-benefit department."   While the *Caraway* case, supra, is somewhat different in its facts from the instant case, we think the principles announced therein are controlling in this case.   Applying the rulings therein to the evidence in this case, we are forced to the conclusion that the evidence, with all reasonable deductions and inferences therefrom, demanded a verdict for the plaintiff, and that the court did not err in directing the verdict.

*Judgment affirmed. Broyles, P. J., and Jenkins, J., concur.*