### 10096. HURLEY *v.* DISTRICT GRAND LODGE No. 1, etc.

STEPHENS, J. 1. "Whenever any person may have any claim or demand upon any insurance company having agencies, or more than one place of doing business, it shall be lawful for such person to institute suit against said insurance company within the county where the principal office of such company is located, or in any county where said insurance company may have an agent . . , or in any county where such agent .. . was located at the time the cause of action accrued, or the contract was made out of which said cause of action arose." Civil Code (1910), § 2563.

2. In a suit against a fraternal benefit society by a beneficiary of a policy issued by the society, where it is shown that, while the Supreme Lodge of the society had its head office in another county within the State, it had a subordinate lodge in the county in which suit was pending, in which subordinate lodge the deceased had applied for membership and had been initiated, and had paid his dues to the secretary of the same, who sent them to the head office, and that the subordinate lodge had in the county a place where it met regularly, the jury were authorized to infer that the subordinate lodge was the agent of the defendant in the county in which the suit was pending, and that

the court had jurisdiction. It follows, therefore, that upon the trial of an issue formed upon a plea to the jurisdiction, where the evidence showed the above facts, it was error for the trial judge to direct a verdict in behalf of the defendant, sustaining the plea to the jurisdiction. *Supreme Circle of Benevolence* v. *Beall*, 18 *Ga. App.* 425 (89 S. E. 630).

3. The jurisdiction of the superior court of Wilkes county, in which the suit was pending, and where the defendant had an agent, was not ousted by an agreement signed by the insured in his application for the issuance of the policy, or by its being stipulated on the back of the policy issued that "suit shall be instituted on said policy against said District Grand Lodge only in the State court of Fulton county, as the order has no agent or agency in any other county of said State." *Supreme Circle of Benevolence* v. *Smith*, 21 *Ga. App.* 678 (94 S. E. 1034). See Benson *v.* Eastern Bldg. Asso., 174 N. Y. 83 (66 N. E. 627).

*Judgment reversed. Broyles, P. J., and Bloodworth, J., concur.*
DECIDED SEPTEMBER 19, 1919.

Action on insurance policy; from Wilkes superior court—Judge Walker. August 6, 1918.

*Clement E. Sutton,* for plaintiff.

*Richard B. Russell, Holbrook & Corbett, Colley & Colley,* for defendant.