## 11150.   GILBERT *v.* DALTON COUNCIL NO. 30, JUNIOR ORDER UNITED AMERICAN MECHANICS.

Under the provisions of the policy or death-benefit certificate sued upon, which had been issued to the plaintiff's deceased husband as a member of a local council of the Junior Order United American Mechanics, the right of action thereon, if there was any, was against the national council of the order, and not against the local council. If the local council failed to perform its duty to·the member by failing to pay the premium due to the funeral-benefit department of the national council, the beneficiary might have a right of action against the local council

for damages, and in such case the measure of damages would be the value of the policy.

Action on insurance policy; from Whitfield superior court — Judge Wright presiding.  October 9, 1919.

*W. E. & W. G. Mann,* for plaintiff.

*F. K. McCutchen,* for defendant.

PER CURIAM.  Mrs. J. J. Gilbert brought suit against the Dalton Council No. 30, Junior Order United American Mechanics, alleging substantially that her deceased husband was in good standing with the defendant at the time of his death, and that she was the widow and sole dependent of her deceased husband. To the petition was attached, as a part of it, a copy of the policy or death-benefit certificate, which provided that the National Council of Junior Order United American Mechanics of the United States of North America would pay to the Dalton Council or the legal dependent of J. J. Gilbert within 30 days from the receipt of the proof of his death the sum of $500.  The policy contained a condition that at the time of the death of J. J. Gilbert the Dalton Council should be in good standing with the National Council, that is to say that it had paid all assessments due to the funeral benefit department, and was otherwise in good standing with the National and State Council having jurisdiction over the local council.  It also contained the further condition that the member had not been received to membership or retained as a member in violation of the laws and decisions of the order, and that at the time of his death he was in good standing with the local council, and entitled to the death benefits in accordance with the constitution and laws of the local council as well as of the State and National Council.  The plaintiff prayed for a judgment against the Dalton Council (the local council) for the amount of said policy.  The defendant filed a general demurrer, upon the grounds: (1) that there was no cause of action set out in the petition, and (2) that the petition and the copy of the policy showed upon their face that the right of action, if any, was against the National Council and not against the local council.  The plaintiff then amended her petition, and in the amendment alleged, that her husband was in good standing as provided in the contract sued on; that proof of death had

been made as provided in the policy, and that the defendant, the local council, had failed to pay to the funeral benefit department of the National Council the premium necessary to keep her husband in good standing. To the petition as amended the general demurrer was renewed, and the court sustained the general demurrer and dismissed the petition. *Held,* that in the petition as amended the right of action, if any, in a suit upon the *policy or contract of insurance,* was against the national council, and not against the local council. If the local council had failed and refused to perform its duty to the member by failing to pay the premium due to the funeral benefit department of the national council, a right of action, if any, would arise in favor of the legal dependent against the local council for damages, and the legal measure of the damages would be the value of the policy. See Woelfer *v.* Heyneman, 2 N. Y. City Ct. R. 15; 7 Corpus Juris, 1110.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur. Smith, J., disqualified.*