MINNIE WITTY v. THE NATIONAL COUNCIL OF THE JUNIOR ORDER, UNITED AMERICAN MECHANICS.

(Filed 3 May, 1922.)

Affirmed under the principle announced in *Evans v. Junior Order, ante,* 358.

APPEAL by defendant from *Long, J.,* at January Term, 1922, of GUILFORD.

Civil action. Judgment for plaintiff; appeal by defendant.

*N. L. Eure and R. C. Strudwick for plaintiff.*
*Douglass & Douglass and Murray Allen for defendant.*

PER CURIAM. Without waiving a trial by jury, the parties agreed on the facts. The defendant, a secret fraternal order, is the supreme governing body of the Junior Order, United American Mechanics, and maintains a Funeral Benefit Department. In May, 1913, E. M. Witty became a member of Pleasant Garden Council, and his name was enrolled in said Funeral Benefit Department; but on 17 February, 1915,

his name was stricken from the roll of Pleasant Garden Council, and did not thereafter appear in the record of membership on file in the Funeral Benefit Department of the defendant. Said Witty was reinstated in Pleasant Garden Council on 10 March, 1917, and remained in good financial standing until his death, which occurred on 17 August, 1919. When he was reinstated his name was given the recording secretary, to be sent to the Funeral Benefit Department for enrollment, but it was not sent. The name of J. E. Newman twice appeared on the roll of the Pleasant Garden Council on file in defendant's Funeral Benefit Department, and monthly assessments of the local council were paid to this department up to the time of Witty's death on the double enrollment of Newman's name. This double enrollment was made pursuant to the application of the recording secretary of the local council. Only one J. E. Newman was a member. The plaintiff is the legal dependent of E. M. Witty, and her contention is that the assessments paid by him to the local council were remitted to the defendant and erroneously credited to the double enrollment of Newman. In response to the issue, the jury awarded $500 as the amount of the defendant's indebtedness to the plaintiff.

There are fifteen exceptions in the record, all of which in the last analysis are directed to the legal proposition that the Pleasant Garden Council was the agent, not of the defendant, but of the plaintiff. In an opinion rendered at this term in *Evans v. Junior Order, ante,* 358, the question has been resolved against the defendant's contention. There it is said: "Since the Funeral Benefit Department is formed for the express purpose of paying funeral benefits to the members of the order, and as the defendant chooses to do the funeral benefit business through the local councils, it thereby makes the local or subordinate council its agent for the purpose." The judgment is, therefore,

Affirmed.