16236.  NATIONAL COUNCIL JUNIOR ORDER UNITED
AMERICAN MECHANICS *v.* EVANS.

Under the facts appearing in the instant suit to recover a funeral benefit alleged to be due the plaintiff by the defendant fraternal organization, the local council thereof, in which the plaintiff's husband was a member at his death, was the agent of the defendant in the transactions between the defendant and the members of the local council who were enrolled in the defendant's funeral-benefit department; and the defendant was liable directly to the plaintiff as a dependent of her deceased husband, for the amount claimed, notwithstanding certain general language in the defendant's by-laws declaring that the officers of the local council were not the defendant's agents, and that the defendant did not make contracts with individual members of the order, but only reinsured the contracts made by the local councils. The nature of its undertaking is determined by the detailed provisions of its by-laws, and not by the general description which the defendant made of it. The petition set forth a cause of action, and the superior court properly reversed the judgment of the municipal court sustaining a general demurrer thereto.

DECIDED DECEMBER 21, 1925.

Certiorari; from Fulton superior court—Judge Humphries. December 11, 1924.

*Little, Powell, Smith & Goldstein, William Matthews,* for plaintiff in error.

*G. N. Bynum,* contra.

BELL, J. Mrs. C. A. Evans, as "the widow and dependent of C. A. Evans, deceased," brought suit in the municipal court of Atlanta against the National Council Junior Order United American Mechanics (hereinafter referred to as the defendant or the national council), to recover $500 alleged to be due her as a funeral benefit on the death of her husband. The petition alleged that the defendant "does not issue any certificate or contract of insurance, and did not issue any" to the plaintiff's husband, but that it is nevertheless liable for the sum claimed, under its constitution and by-laws. It is averred that the defendant is a fraternal organization, maintaining a funeral-benefit department, and that Clara Council No. 15 (hereinafter referred to as the local council) is a subordinate lodge of the defendant which acts as the national council's agent in the matter of enrolling the members of the local council as members of the national council's funeral-benefit department; that the plaintiff's husband was a member of the local council and as such had been duly enrolled in class "B" in such funeral department, and that in case of the death of a member in

good standing in this class, as was true of the plaintiff's husband, his legal dependents would be entitled to be paid by the defendant the sum of $500 as funeral benefits. Copies of the constitution and by-laws of the local council and of the by-laws of the national council relating to its funeral department were attached as exhibits to the petition and made a part thereof. The defendant interposed a general demurrer, which the municipal court sustained. The plaintiff carried the case, by certiorari, to the superior court, where the judgment of the municipal court was reversed, and the defendant excepted.

The sole contention made in this court by counsel for plaintiff in error is that their client is not liable to the plaintiff because it had no contract with her, but merely occupied the relation of reinsurer to the local council. If the defendant was only a reinsurer as claimed, it would seem that the municipal court was right in dismissing the action, because the suit in that case should have been brought in the name of the local council. *North British &c. Co.* v. *Speer,* 7 *Ga. App.* 330 (66 S. E. 330) ; 33 C. J. 57. But we can not agree that counsel have correctly interpreted the nature of the defendant's undertaking. To examine the facts as disclosed by the petition and the exhibits thereto, the fee of initiation into the local council is $10, and the monthly dues are eighty cents. The local council provides certain *sick* benefits, but no funeral benefits except "twenty dollars towards defraying the funeral expenses of the deceased brother in accordance with sec. 8, art. XI, constitution of national council," and except that (its members being enrolled in class "B" of the national council's funeral-benefit department) "a further sum of four hundred and eighty dollars will be paid upon the receipt of the same from funeral benefit department of the national council."

The by-laws of the national council created a funeral-benefit department for the purpose of establishing and maintaining a fund "for the reimbursement" of the local councils of the order "for amounts paid by them as funeral benefits," and provided that "said department shall not make or enter into contracts with individual members of the order but shall be limited to reinsure the contracts made by councils thereof to those members entitled to receive the same under the conditions as defined in the laws of the order. It is the policy of said order that the councils thereof shall have the

sole and exclusive jurisdiction to contract with the members thereof regarding the payment of funeral benefits as provided in the laws of the National Council Junior Order United American Mechanics." The by-laws of the national council further provided: "There shall be two classes of membership in the department, to be known as Class 'A' and Class 'B,' and it shall be optional with each council to enroll its members in either class. Class 'A' entitles the council to $250.00 to be paid to the council in case of death, and Class 'B' entitles the council to $500.00 to be paid to the council in case of death. The names of the entire beneficial membership can be enrolled in either class, but no council shall be permitted to enroll the names of part of its members in Class 'A' and part in Class 'B,' except as hereinafter provided."

It was left "optional" with any local council to be enrolled in the department or not, but no council could "become connected with any so-called funeral benefit association, or any association or any organization whose business may be to pay funeral or death benefits, which is not connected with and controlled by the national council;" and no council "shall be entitled to any reimbursement by reason of the death of any of its members who do not possess the qualifications hereinafter provided." Any local council desiring to obtain membership in the funeral department of the national council was required to make application upon blanks furnished by the national council for that purpose, accompanied with a list of the names of the members "eligible to benefits . . under qualifications" prescribed by the national council, and, where the enrollment was to be in Class "B," to remit sixty cents for each member, a part of this being for the enrollment and the remainder being for the assessment "for the month in which the [local] council is admitted into this department." A further "regular monthly assessment" is required of each local council "for each member on its roll in the department on the first day of the current month." The local council, in applying for membership in such department, agrees that "in all business transactions between it and the funeral benefit department" its officers are acting "not as agents of the funeral benefit department or of the national council, but exclusively for this council, and that no liability shall attach against the funeral benefit department or the national council for or by reason of any act or default of any officer of this council in improperly

performing or in failing to perform any duty imposed by the laws of the order."

While it is provided throughout the by-laws of the national council that the funeral benefits shall be paid to the local council, rather than directly to the dependents of the deceased member, the national council nevertheless directs and controls the disbursement of the fund, for it is stipulated, as a condition to the enrollment of the local council in the department, that it has either adopted or will adopt "a by-law providing for the payment to the legal dependent of the deceased member, as provided by the laws of the State or domicile of the council, irrespective of the time of membership of the said member in this council, the full amount received by this council from the department, less the cost of preparing the claim, and all other charges legally due the council at the time of death."

With reference to the disposition to be made by the local council of a funeral benefit paid to it for the death of a member, the by-laws of the national council further provide: "The fund so received [by the local council] shall be applied by [it] as provided by the laws thereof and the laws of the State of its domicile. In default of there being any legal dependent of such deceased member, the council may appropriate toward the payment of the expense of the last sickness and of the funeral expense of the deceased so much as may be necessary for that purpose, not exceeding the amount to which said member would be entitled, and if after said payment there shall be any amount remaining, then such excess shall revert to the national council, and be placed to the credit of the same fund from which it was drawn, with a statement and receipt of such sums expended."

Various duties are enjoined upon local councils, namely: "It shall be the duty of the council enrolled in the department to forward such monthly assessments to the secretary thereof, on or before the tenth day of each month, using blanks furnished by the secretary of the department for that purpose, and should such payment not reach the office of the secretary by the last day of the month, such council shall thereby ipso facto be suspended and not entitled to benefits until such suspension shall have been removed." "Immediately after the initiation, reinstatement or admission by card of a member in any council that has already been admitted

to the department, if such member possesses the qualifications prescribed in section 8 of these laws the council shall forward to the secretary of the department, on blanks provided for that purpose, the name of such member in full, his present age and his occupation, the council through its duly authorized officer shall certify that such member is in sound bodily health and free from any disease, together with thirty cents if in Class 'A,' or sixty cents if in Class 'B,' which shall be for the enrollment fee and the assessment for such member for the month in which his is enrolled in the department." "When members of any council which is enrolled in the department becomes in bad standing in such council as provided by the laws of such council, State or national council, the council shall promptly forward to the secretary of the department the names of such members upon blanks provided for that purpose, and upon receipt thereof by the secretary of the department in proper form the names of such members shall be dropped from the membership roll of such council in the department."

Since the rules of the national council give specific direction as to what shall be done by the local council with a funeral benefit paid to it, including, among other things, a requirement that the fund so received shall be applied by the by-laws thereof and the laws of the State of its domicile, the national council is presumed to know the by-laws of the local council with respect to the application to be made of the same. It thus appears that the national council knew that the local council was obligated to pay the dependent or dependents of a deceased member only $20, and a further sum of $480 only "upon the receipt of the same from funeral department of the national council." The defendant, however, insists that it was only to reimburse the aggregate of these payments that it became obligated to pay to the local council the sum of $500 as a funeral benefit on the death of a member in class "B," and that its undertaking was only to reinsure the local council for amounts *paid* as funeral benefits. How could it reimburse the $480 when, according to the by-laws of the local council, that body was not to pay the sum until it was received from the national council? And where is the reinsurance as to this amount, when the only liability of the local council therefor was to deliver it to the dependents of a deceased member on the receipt of the same from the national council? The defendant is in the anomalous

attitude of saying that it reinsured the liability of the local council to pay over the amount to be received by that body from it. Its position may be illustrated as follows: A is to pay to the legal dependents of B on the death of B a certain sum, provided he receives it from C; whereupon C says to A, "I will save you harmless for any loss on your part by reason of your promise to pay over the amount you are to receive from me." This would be a strange sort of reinsurance, a kind which we have not heard of before and which we see in this case only by certain general language in the rules of the national council, wholly at variance with the express terms of its undertaking as determined by the detailed provisions of its by-laws. The defendant can not by a mere general description change the true character and import of its obligation. It appears from the various by-laws to which we have referred above that its funeral department was formed for the express purpose of paying funeral benefits to the members of the order, and that it chose to pay them through the local council as its agent. The local council, as an organization for the payment of such benefits, has its existence solely under the national council, and is subject absolutely to the direction and control of the national council. It is conceivable that the national council might (if its charter will permit) so conduct its business as to avoid the relation of principal and agent between it and the local council, but this it can not do when the entire scheme is to have the local council to function only as a medium between the governing body and its individual members in a manner and way which it expressly prescribed. The conclusion is inevitable that the local council was the agent of the national council in this case, and that the latter was not without a liability directly to the legal dependent of the deceased member. See *National Council &c.* v. *Caraway,* 13 *Ga. App.* 819 (81 S. E. 243); *National Council &c.* v. *Cragen,* 17 *Ga. App.* 575 (87 S. E. 836); *National Council &c.* v. *Van Giesen,* 20 *Ga. App.* 211 (92 S. E. 1022); *Gilbert* v. *Dawson Council &c.,* 25 *Ga. App.* 130 (102 S. E. 831); *Supreme Circle of Benevolence* v. *Beall,* 18 *Ga. App.* 425 (89 S. E. 630); *Supreme Circle of Benevolence* v. *Smith,* 21 *Ga. App.* 678 (94 S. E. 1034); *Hurley* v. *District Grand Lodge &c.,* 24 *Ga. App.* 197 (100 S. E. 233); *Evans* v. *Junior Order &c.,* 183 N. C. 358 (111 S. E. 526); *Witty* v. National Council &c., 183 N. C. 679 (111 S. E. 721); 19 R. C. L. 1220.

Counsel suggest that it is apparent that the defendant's by-laws have been changed since the decisions by this court in the four cases first cited above, and that such decisions are therefore not authority in the present case. From a comparison of the facts of the instant record with those stated in these prior decisions we think it is true that certain amendments have been made to the by-laws as suggested. We have not deemed it necessary to examine the records in the previous cases, because, even assuming everything claimed as to changes in the by-laws, we are still of the opinion expressed above. Although the defendant may have said that it would discontinue dealing with the local council as its agent, and would no longer grant insurance directly to the members, but would thenceforth only reinsure the local council, it nevertheless proceeded straightway to do the very things it declared it would not do. The municipal court erred in dismissing the plaintiff's suit, and the superior court properly sustained the certiorari.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*