COLBERT DRUG CO., RESPONDENT, *v.* ELECTRICAL PRODUCTS CONSOLIDATED, APPELLANT.

(No. 7,743.)

(Submitted December 9, 1937. Decided December 20, 1937.)

[74 Pac. (2d) 437.]

*Messrs. Graybill & Graybill, Mr. R. J. Gilfeather* and *Mr. T. J. Davis,* for Appellant, submitted a brief; *Mr. Gilfeather* argued the cause orally.

*Messrs. McCaffery & McCaffery,* for Respondent, submitted a brief; *Mr. Joseph J. McCaffery, Jr.,* argued the cause orally.

MR. JUSTICE MORRIS delivered the opinion of the court.

This is an appeal from an order denying a motion for change of venue.

The plaintiff is a Montana corporation doing business in the city of Butte, county of Silver Bow. The defendant is a corporation organized under the laws of the state of Washington, duly admitted to do business in the state of Montana, and alleges that its principal and only place of business is in the city of Great Falls. June 19, 1934, the parties entered into an agreement by which the defendant, in consideration of a monthly rental of $75, agreed to lease to the plaintiff, and maintain, certain neon signs for two separate places of business in the city of Butte conducted by the plaintiff. The contract specifies that the signs had been previously constructed and installed.

Paragraph (d) of the contract, on "Maintenance," provides: "Owner at its own expense agrees to maintain and service the display, including in such service inspection, cleaning, repainting and all necessary repairs. If the display fails to operate for any reason except through fault of User or his agents, upon written notice to Owner, the Owner shall repair the display within thirty-six hours. If owner fails to do so, the User shall receive credit of 1/720th of the monthly rental for every hour the display fails to operate, in whole or in part, in excess of the 36-hour period, but shall be entitled to no other claim for damages. The User shall pay for all electrical energy used by the display and is to bring feed wires of suitable capacity to the

location of the display, and User shall be responsible for the supply of electrical current to the display."

The complaint, in so far as its several parts are material here, alleges, in substance, that, the defendant having failed and neglected to maintain and service the signs leased to plaintiff according to the provisions of the agreement, plaintiff at numerous times, prior to the beginning of this action, both in writing and verbally, requested and demanded that the signs be repaired, serviced, repainted, and cleaned in accordance with the obligations of the defendant, and, defendant having continued and persisted in its failure and neglect to comply with the agreement, plaintiff thereupon notified defendant by letter dated March 4, 1937, that plaintiff rescinded the contract, and further notified defendants to remove its signs at its earliest convenience; that thereafter, on March 11, 1937, plaintiff by letter further notified defendant that it might have a reasonable time within which to remove such signs, "but not later than March 31, 1937"; and that after the last-mentioned date plaintiff would not be responsible for the signs, nor liable to defendant for any further rents or payments under the contract. Cancellation of the contract is the relief sought by the action.

The complaint herein was filed March 12, 1937, and on April 3 defendant demanded a change of place of trial, accompanied by the necessary affidavit of merits, and followed such notice and affidavit by appropriate motion to change the place of trial from the county of Silver Bow to the county of Cascade, state of Montana, and on the same day, but subsequent thereto, filed a general and special demurrer to the complaint. April 24 counsel for defendant notified the plaintiff that they would move the court on the 1st day of May, 1937, to make an order changing the venue and place of trial as theretofore demanded. On April 29, 1937, counsel for plaintiff gave notice that they would move the court to dismiss the proceedings instituted by the defendant for change of venue on the ground of laches, specifying that their notice would be called up at the same time that counsel for defendant specified their motion for change of venue would be called. The motion of plaintiff was supported by affi-

davit which set forth numerous grounds why its motion should be granted.

On July 17, 1937, the transcript shows a minute entry stating that on that date the motion of plaintiff to dismiss the proceedings instituted by defendant for a change of venue was denied, and also the motion of defendant for change of place of trial was denied. This appeal followed. Defendant alleges but one specification of error: ''The court erred in denying the defendant's motion for change of venue and place of trial.''

Defendant proceeds with its argument under three points of law: (1) Action upon contract must be tried in the county in which the contract was to be performed; (2) the place of performance of a contract is the place where it is stipulated that payment shall be made; (3) in actions for cancellation or rescission of a contract, the subject matter of the action is the contract itself.

Section 9096, Revised Codes, provides in part: ''Actions upon contracts may be tried in the county in which the contract was to be performed.'' ''May'' in this statute has been construed to mean ''must.'' (*State ex rel. Interstate Lumber Co.* v. *District Court*, 54 Mont. 602, 172 Pac. 1030.) The correct application of defendant's first point of law, as mentioned above, determines the controversy in favor of the plaintiff.

The second point specified does not apply, as no payment of money is involved. The place of performance of the obligations imposed upon the defendant by the contract, and the breach of which is the ground upon which plaintiff predicates its prayer for the relief sought, is Silver Bow county.

In *State ex rel. Western Acc. & Indem. Co.* v. *District Court*, 55 Mont. 330, 176 Pac. 613, it was held, in the absence of specific contractual provisions to the contrary, that the assured's place of residence or business was the place of performance of a contract of indemnity. It was the payment of indemnity, not the premium paid in consideration of the indemnity provided, that determined the place of performance there.

So here, we think the place of defendant's obligation to perform was the place where it contracted to maintain, repair, and

service the signs, which was Silver Bow county. The trial court did not err in denying defendant's motion for change of venue. The order is affirmed.

MR. CHIEF JUSTICE SANDS and ASSOCIATE JUSTICES STEWART, ANDERSON and ANGSTMAN concur.