ELECTRICAL PRODUCTS CONSOLIDATED, a Corporation, Plaintiff and Respondent, v. HELEN BLAIR BODELL, d/b/a The Maverick Bar, Defendant and Appellant.

No. 9359.

Submitted May 1, 1957. Decided October 24, 1957.

316 Pac. (2d) 788.

Messrs. Rankin & Acher, Helena, for appellant.

Messrs. Graybill, Bradford & Graybill, Great Falls, for respondent.

Mr. Acher and Mr. Leo C. Graybill argued orally.

MR. JUSTICE ANGSTMAN:

This is an appeal by the defendant from an order denying her motion for a change of venue. The action which was commenced in Cascade County is upon a contract dated June 28, 1950, for the recovery of monthly rental for installing and maintaining electrical signs furnished by plaintiff to the premises known as the Maverick Bar in White Sulphur Springs then operated by Herb Springer. The contract was originally made by and between the plaintiff and Herb Springer and it was later assigned by Springer to the defendant, Helen Bair Bodell, with the consent of plaintiff.

The defendant was served with summons in Meagher County, and at the time of her appearance filed an affidavit of merits and the necessary demand and motion for change of venue to Meagher County. The affidavit of merits shows that the defendant is a resident of Meagher County, and was served with process in that county.

The contract contained a clause that "If the owner shall institute any suit or action for the enforcement of any of the obligations" under the contract "the venue of any such suit or action may at the option of the owner, be laid in the County of Cascade, State of Montana." The contract does not show on its face where plaintiff has its place of business, where the payments were to be made or where the contract was to be performed, other than that the electrical signs were installed and were agreed to be maintained in the Town of White Sulphur Springs, but it is not the obligation imposed upon the owner that is sought to be enforced here as in Colbert Drug Co. v. Electrical Products Consolidated, 106 Mont. 11, 74 Pac. (2d) 437, but the obligation imposed upon the user or lessee.

Hence the only question presented for consideration here is whether the stipulation, that venue in any action brought by the owner may be laid in Cascade County, is valid. Defendant contends that such a stipulation is void as being opposed to public policy, and that without the stipulation the action must .be

tried at the place of defendant's residence. There is authority that a stipulation in a contract fixing the venue of an action in contemplated future litigation is void as contrary to public policy. See 17 C.J.S., Contracts, section 229, page 605; 56 Am. Jur., Venue, section 41, page 45.

The courts throughout the country are in disagreement as to whether such a stipulation is valid. Some of the cases that pronounce such agreements void fail to distinguish between jurisdiction and venue and some are based on statutes differing from ours.

It is fundamental that if the court lacks jurisdiction, then ▮▮▮▮ the parties may not by stipulation confer it, but in this state we have no statute that renders an agreement as to venue void as opposed to public policy. Public policy is a matter that must be declared by the legislature and not by the courts. It is well-settled in this state that venue is a matter that may be waived by the litigants. Hardenburgh v. Hardenburgh, 115 Mont. 469, 146 Pac. (2d) 151. Defendant had the right under section 93-2904, to have the action tried in the county of her residence; but that section so far as it fixes venue at the residence of defendant was intended solely for the benefit of defendant and she had the right to waive its advantage. Section 49-105.

Under R.C.M. 1947, section 93-2905, if the county in which the action is commenced is not the proper county for the trial thereof the action may notwithstanding be tried therein unless the defendant takes the necessary steps to procure a change of venue. That section of the statute makes it clear that the court where an action is commenced has jurisdiction, but that the venue may be changed if the statutory method of securing a change is invoked and sufficient grounds are shown. As affecting the question here we have section 93-2910, which reads: "All the parties to an action, by stipulation or by consent in open court, entered in the minutes, may agree that the place of trial may be changed to any county in the state. Thereupon the court must order the change as agreed upon."

The Supreme Court of Washington has held that the parties may, by stipulation in a contract, provide for the venue of actions that might arise under the contract. This was done in the case of State ex rel. Schwabacher Bros. & Co. v. Superior Court, 61 Wash. 681, 112 Pac. 927, where the court said: ''The policy of the law [section 216 of the statutes relating to change of venue by stipulation], therefore, is that the parties may agree that the place of trial shall be in any county of the state. If the parties may do this after the action is begun, they may certainly do so before; and this is clearly what they did. It is argued by respondent that this agreement in the note is void as against public policy. If the place of trial had been fixed by statute, there would no doubt have been force in this position. But, as we have seen above, the policy of this state is that the parties themselves may fix the place of trial in any county of the state, by stipulation in writing or by consent in open court. Cases from states having different statutes are, therefore, not in point, and we are satisfied that the court erred in making the order.'' See to the same effect State ex rel. Electrical Products Consolidated v. Superior Court, 11 Wash. (2d) 678, 120 Pac. 484.

The Supreme Court of Wisconsin in the case of State ex rel. Kuhn v. Luchsinger, 231 Wis. 533, 286 N.W. 72, 75, reached the same conclusion under statutes substantially the same as ours. After referring to those statutes the court said: ''Those enactments disclose a public policy, which sanctions rather than condemns as invalid, stipulations as to venue in so far as jurisdiction of the person is concerned.'' See to the same effect Brown v. Alabama Chemical Co., 207 Ala. 215, 92 So. 260; Benson v. Eastern Building & Loan Ass'n, 174 N.Y. 83, 66 N.E. 627; Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S. Ct. 153, 84 L. Ed. 167.

As above-noted, there are respectable authorities taking a contrary view. Among such cases are: General Motors Acceptance Corp. v. Codiga, 62 Cal. App. 117, 216 Pac. 383; General Acceptance Corp. v. Robinson, 207 Cal. 285, 277 Pac. 1039;

Gaither v. Charlotte Motor Car Co., 182 N.C. 498, 109 S.E. 362; and McCarty v. Herrick, 41 Idaho 529, 240 F. 192. The opinions in these and other cases of like import are entitled to respectful consideration, but we are not bound to follow them unless we are impressed with the reasoning upon which they are based. We think the better-reasoned cases under statutes such as ours take the contrary view.

Defendant places much reliance upon R.C.M. 1947, section ██ 13-806, which reads: "Every stipulation or condition in a contract by which any party thereto is restricted from enforcing his rights under the contract, by the usual proceedings in the ordinary tribunals, or which limits the time within which he may thus enforce his rights, is void."

Under a similar statute the Supreme Court of Idaho in the last-cited case held a stipulation void which undertook to control the venue of the action before any cause of action accrued or before any action was pending.

We fail to see how this statute, reasonably construed, can be held to be violated by a stipulation regarding the venue of an action brought against one in a county where he agreed it might be brought. The stipulation as to venue does not in any way restrict the defendant from enforcing her rights under the contract by the usual proceedings in the ordinary tribunals within the meaning of that section of the statute.

The agreement simply selects one of the several tribunals having jurisdiction that should conduct the usual proceedings to enforce the rights of plaintiff under the contract.

Under statutes such as those in Montana, the parties have a right to stipulate in advance where any action arising under a contract may be tried. There is no statute in this state that prohibits such a stipulation, or that makes such a stipulation contrary to the policy of the law. Of course, if the statutes fixed the venue of an action definitely, then it would be without the province of the parties to stipulate to a different venue, but that is not the case here. We point out, too, that in this case there is no charge made of fraud or overreaching in the making

of the agreement in question. Also it should be noted that the agreement does not restrict Helen Bodell from enforcing her rights under the contract in any forum which she might select. In other words, if plaintiff refused to comply with the contract to properly maintain the electric signs, defendant could institute an action in Meagher County or in any other county which she might choose.

The case is not comparable to Boyd v. Grand Trunk Western R. Co., 338 U.S. 263, 70 S. Ct. 26, 94 L. Ed. 55; Pryor v. Union Pac. R. Co., 34 Cal. (2d) 724, 214 Pac. (2d) 377; Peterson v. Ogden Union Ry. & Depot Co., 110 Utah 573, 175 Pac. (2d) 744, and other cases arising under the Federal Employees' Liability Act, 45 U.S.C.A. section 51 et seq., for here, unlike those cases, defendant has the right to choose any court of her liking in actions which she might bring against the owner to enforce her rights under the contract. All that she has done here is to waive by her agreement the right to defend an action brought by the owner in the county of her residence.

This she has the right to do under the statutes of this state.

Some contention is made that the defendant here did not enter into the contract in question, but that she is merely the assignee of one who did. This contention does not alter our conclusion for the reason that the assignee, under such a contract, steps into the shoes of the assignor and she, like her assignor, is bound by the stipulation. The court did not err in denying the motion for change of venue.

The order appealed from is affirmed.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES CASTLES and BOTTOMLY, concur.

MR. JUSTICE ADAIR:

I dissent.

The State of Montana has declared and prescribed the proper place for the trial of civil actions commenced, prosecuted and to be tried in the courts of the state.

The *public policy* of this state which determines the place for the trial of all actions commenced in the courts of this state is that declared and prescribed by the Legislature in its enactment of sections 93-2901 to 93-2912, both inclusive, of the Revised Codes of Montana of 1947.

Such *public policy* may neither be circumvented nor nullified by the provisions of any private contract.

Two persons making and entering into a contract of life insurance in Liberty County, Montana, may not lawfully provide therein that the venue of any suit thereon must be laid in Liberty County.

Two persons entering into a contract of marriage in Gallatin County, Montana, may not lawfully provide in such contract that the venue of any suit for the enforcement of any of the obligations of such marriage contract be laid only in Gallatin County.

Likewise, Electrical Products Consolidated, the owner of the electrical sign here involved, may not lawfully provide in its lease agreement or contract that in any suit it may institute under such contract that the venue of any such suit or action may, at the option of the owner, be laid in the County of King, State of Washington, where at 1263 Mercer Street in Seattle, it has its home office, nor may it lawfully provide that "the venue of any such suit or action may at the option of the owner, be laid in the County of Cascade, State of Montana" where the corporation has and maintains a branch office.

That such provisions in private contracts are null, void and of no effect is clearly shown in the following well-considered cases wherein the proper rule is stated viz.: McCarty v. Herrick, 41 Idaho 529, 240 Pac. 192; General Motors Acceptance Corp. v. Codiga, 62 Cal. App. 117, 216 Pac. 383; General Acceptance Corp. v. Robinson, 207 Cal. 285, 277 Pac. 1039; Gaither v. Charlotte Motor Car Co., 182 N.C. 498, 109 S.E. 362.

On June 28, 1950, Herb Springer, then residing and operating a bar in Meagher County, Montana, signed a contract in writing with Electrical Products Consolidated, a foreign corporation,

for installing and maintaining an electrical sign supplied by the corporation to Springer's premises, the Maverick Bar, in White Sulphur Springs.

The owner corporation duly installed the electrical sign called for by the contract at Springer's Bar in Meagher County. The contract provided that the corporation should continue to be the owner of the sign and that for the use of its property Springer should pay to it a stipulated monthly rental.

Later Springer sold the Maverick Bar to Helen Bair Bodell, who thereupon entered into the operation of such business. At the time she purchased the bar, Springer, the seller, assigned to her all his rights and interest in his contract with the corporation.

Sometime thereafter a dispute arose between Helen Bair Bodell and the plaintiff corporation, as to the maintenance of the sign and to settle same, Electrical Products Consolidated, as plaintiff, commenced in the district court of Cascade County, this suit against the defendant, Helen Bair Bodell. At the time of the commencement of such suit, the defendant was and still is a bona fide resident of Meagher County, Montana. Upon being so made a *party* to the suit, the defendant, Helen Bair Bodell, made timely and proper application for a change of the place of trial to Meagher County where she resides; where the sign was installed; where the sign was and is to be maintained and where defendant's witnesses reside.

The general rule governing venue in civil actions is that the action shall be tried in the county in which the defendant resides at the commencement of the action. Hardenburgh v. Hardenburgh, 115 Mont. 469, 146 Pac. (2d) 151.

R.C.M. 1947, section 93-2904, *inter alia,* provides that actions upon contracts may be tried in the county in which a contract was to be performed, and also that actions such as this shall be tried in the county in which the defendant may reside at the commencement thereof.

R.C.M. 1947, section 93-2906, provides that the court or judge

*must*, on motion, change the place of trial when the county designated in the complaint is not the proper county.

It is true that R.C.M. 1947, section 93-2910, provides: "All the *parties* to an action, by stipulation or by consent in open court, entered in the minutes, may agree that the place of trial may be changed to any county in the state. Thereupon the court must order the change as agreed upon." Emphasis supplied.

Helen Bair Bodell was not a *party* to any action at the time she purchased the Maverick Bar in Meagher County. She did not become a *party* to this action until the day this suit was commenced against her in Cascade County. Then and not until then did she become a *party* defendant.

At no time since she became a *party* to this action did she by stipulation, by consent in open court entered in the minutes or by any other means provided by statute, section 93-2910, supra, agree that the place of the trial of this action be had in any other place or in any county other than Meagher County where she resides.

For these reasons the provisions of section 93-2910, supra, quoted in full and relied upon in the majority opinion herein, have no application whatever.

The venue of this action is to be determined by the provisions of the duly enacted statutes set forth in Chapter 29 of the Code of Civil Procedure of this state, sections 93-2901 to 93-2910.

In the case of Hardenburgh v. Hardenburgh, supra, 115 Mont. 469, 479, 146 Pac. (2d) 151, 154, this court said: "The legislature has enacted certain statutes which prescribe the rules by which 'all contracts, whether public or private, are to be interpreted'. (Sec. 7526 [Revised Codes 1935, now R.C.M. 1947, section 13-701]). These provisions are obligatory on the courts."

The provisions in the plaintiff corporation's lease agreement providing that if the corporation shall institute any suit for the enforcement of any of the obligations under the contract, that the venue of such suit may, at the option of the owner, be laid in the County of Cascade, is violative of the public policy and statutes of the state, and therefore null and void. Under

the plain provisions of the statutes, the defendant, Helena Bair Bodell, was and is entitled to have this law suit transferred to and tried in Meagher County, Montana, the place of her residence.